I dissent. If satisfactory proof of the specific offense of accepting a bribe is necessary to the disbarment of the accused under the charges in this proceeding I would be compelled to concur in the majority opinion. The only direct evidence of such bribe-taking rests on the testimony of Riccardi and his unsupported word can carry little or no weight, and, as to the actual passing of any money between the parties here, there is no corroborating evidence.
But the gist of this accusation for disbarment is not the crime of bribery, but the commission of an act of moral turpitude in the manner of disposition of certain criminal cases pending in the court over which the accused presided, and if the acts complained of are shown to have been influenced by some other corrupt motive than that of bribery, the variance in the proof in that respect ought not to defeat a judgment.
The substance of the charges here, taking the Catterini case as an example, is that in certain felony matters pending before him as a committing magistrate, the respondent was corruptly and unlawfully influenced by a bribe in his decision and disposition of said cases.
Now, bribery is not the crux of the matter, but rather, the gravamen of the offense is the moral turpitude of disposing of these cases under the influence of some corrupt motive. Bribery is merely an incident of the charge, which is fully *Page 638 
met by the proof, if it is satisfactorily established, of some motive for the wrongful act not in itself unlawful. The accused might, for instance, have been charged with favoring the defendants as a simple act of personal friendship to them or their attorneys or sureties. Friendship is a very commendable trait in itself, but as a motive for disposing of criminal prosecutions by a magistrate it would involve an act of moral turpitude. The motive charged here happens to be bribery, a criminal act in itself, but there is not the controlling element of the accusation.
The purpose of the proceeding here is not to convict the respondent of bribery, or of any other specific criminal act, but of wrongfully administering his official duties in the particular matters charged, under some corrupt influence involving moral turpitude.
I have no question under the evidence that the respondent, under some or all of the charges filed, disposed of the matters before him in conscious disregard of his duties as a magistrate. The array of incriminating circumstances is too strong and convincing to be disposed of on the mere ground of coincidence. They strongly tend to corroborate Riccardi's testimony in support of some sort of a prearranged program, and when thus supported, Riccardi's testimony, although that of a self-confessed criminal, may not be wholly disregarded.
Whether this program for the discharge of the various defendants was influenced by bribery, or politics, or favoritism, or friendship, is entirely immaterial. With any motive other than a purpose to faithfully discharge official duty it involved moral turpitude.
We do not even need to resort here to the analogy of the criminal procedure which incorporates the lesser offense within an information charging the greater. If the defendant were on trial for murder alleged to have been committed for pay, could it be held a fatal variance if the proof showed the act was committed for revenge? At any rate, there can be no room for such technicality in a proceeding of this nature.
It may be conceded at once that the rules of criminal procedure apply here to the extent that the respondent cannot be charged with one offense and be convicted of another, but when we consider that the vital element of the accusation is the corrupt and wrongful disposition of certain cases pending *Page 639 
in his court, and not the particular means by which the official action of the accused was influenced, it becomes apparent that the salutary rule referred to is not violated by accepting the proof as showing some other wrongful influence than that of bribery. The test of materiality of variance in an information or indictment is whether the pleading so fully and correctly informs the defendant of the criminal act with which he is charged, that taking into consideration the proof which is introduced against him, he is not misled in making his defense. (People v. Freeman, 29 Cal.App. 543, [156 P. 994];Harrison v. United States, 200 Fed. 662, [119 C.C.A. 78].)
The respondent here was fully notified by the accusation of the entire subject matter of investigation involving his relations with Riccardi and McDonough in connection with these criminal prosecutions.
It may be urged that if the evidence does not establish bribery it does not disclose specific wrongful inducement. I do not think that such is the fact. The circumstances are convincing to my mind that there was some prearranged and agreed plan to dispose of these cases in a certain manner, which agreement was acted upon by the respondent. Such a state of facts establishes moral turpitude without giving the moving cause a specific name.
There is nothing in the code provisions or the decisions in this state relating to disbarment to invest this proceeding with such a degree of technicality that should prevent a judgment against respondent if the evidence is such as to clearly prove that the acts complained of were influenced by any corrupt and dishonest motive, whether amounting to bribery or not.
I think the majority opinion tends too much to minimize the effect of the evidence against the accused. Under each of the three separate counts of the accusation the action taken by the respondent was such as to shock the sense of judicial integrity. His own explanation of his conduct is far from satisfactory and in the Pastiango case almost incriminating, and the fact that the program was substantially carried out in the manner that Riccardi had announced tends strongly to corroborate the testimony of the latter that it was all in accordance with a prearranged agreement, whether influenced by a bribe or some other ulterior inducement. *Page 640