## DE BERNIE *vs.* THE STATE.

1. In an indictment for perjury, which charges the defendant with having taken a false oath to procure his discharge from custody under a writ of *ca. sa*, an assignment which alleges that at the time when he took the oath, he had moneys whereby to satisfy the debt for which he was arrested, is sufficient.

2. An indictment for perjury is not vitiated because some of the assignments are bad, and proof of any one assignment that is good is sufficient.

3. The penalty of perjury as prescribed by the Act of 1839, (Clay's Dig., p. 71, § 4,) is changed by the subsequent Act of 1841, (Clay's Dig., p. 427, § 2.)

ERROR to the Circuit Court of Jefferson.    Tried before the Hon. Geo. D. Shortridge.

THE defendant below was indicted for perjury.    The indictment alleged that he was in the custody of a lawful officer under a writ of *ca. sa.*, at the suit of one B. B. Patton; that he appeared before the justice of the peace who had issued the writ, and produced an affidavit in writing, and was in due form of law sworn and took his corporal oath concerning the truth of the matters contained therein; and that he "falsely, corruptly, knowingly, wilfully and maliciously, in and by his said affidavit in writing, did depose and swear in substance and to the effect following, that is to say : that the particular grounds upon which he was then arrested in that cause were untrue, and that he had neither estate, effects or moneys whereby to satisfy the debt for which he was arrested, or liable for the same, except one guitar," &c.    The first assignment of perjury alleged, that at the said time when he took his oath and made his said affidavit, "the said defendant had moneys and effects, other, above and beyond the said guitar, whereby to satisfy the said debt for which he was arrested," &c.    The second assignment alleged, that at the said time, &c., "the particular ground upon which the said defendant was then and there arrested, was true."

The third assignment alleged, that at the said time &c., "the said defendant had effects other than the said guitar, whereby to satisfy said debt," &c.

The fourth assignment alleged, that at the said time &c., " the said defendant had moneys whereby to satisfy said debt," &c. The defendant was convicted and sentenced to *three* years imprisonment in the penitentiary...

E. W. PECK, for plaintiff in error :-

In this case the court will look to the whole record, and if the indictment be bad, will reverse the conviction.

Then, I insist, the indictment is bad. The assignment of perjury is not well made. It does not state that the effects, or money, were fraudulently withheld, or that they were in truth and in fact liable for the satisfaction of the debt for which he was arrested.

The first assignment is, that he " had money and effects other, above, and beyond the said guitar, whereby to satisfy the said debt," but it does not say that they were liable for that purpose. The effects may have beeen exempt from execution, and the money may have been held as trustee, executor or administrator, and which he could not have devoted to the payment of the debt without a breach of trust.

The second assignment is altogether too general, and by itself is insufficient to sustain the indictment.

The third and fourth are liable to the same objections taken to the first; they do not state that the effects were liable to the execution, or that the money was fraudulently withheld.—2 Ch. Crim. Law, (top p.) 311; Cook's Case, 1 Rob. Va. R. 729 ; U. S. v. Chapman, 3 McL. R. 390; 1 vol. U. States Dig. Annual, 396, §§ 2, 1. In an indictment nothing can be taken by intendment.—The State v. Seay, 3 Stew. 123.

PARSONS, J.—I have attentively considered all the objections urged by the counsel against the indictment and proceedings in this cause. The only difficulty was in reference to the assignments of perjury, and to these the argument of the counsel was chiefly directed. I think some of the assignments are defective; but there is one which we think is good. It states that the plaintiff in error, at the time he took the oath, had moneys whereby to satisfy the debt for which he was arrested. An assignment of perjury consists of an express contradiction of the party's statement on oath, as explained by inuendoes.

2 Chitty's Crim. Law, 311; 1 T. R. 70.  This averment, we think, is sufficiently specific and distinct, and it manifestly negatives the oath which the indictment alleges he falsely, &c. swore. It appears by the authorities collected by Mr. Chitty, at the page already cited, that an indictment is not vitiated, because some of the assignments are bad, and proof of any one that is good is sufficient.  We are entirely satisfied that the penalty of perjury as prescribed by the act of 1839 (Clay's Dig. 71, § 4,) is changed by the subsequent act.

The judgment is affirmed.