STATE OF OREGON, RESPONDENT, *v.* AH SAM, APPEL-
LANT.

PERJURY—VARIANCE.—Where an indictment charged a person with having
sworn that he saw A. at the house of B. on a day named, and it is shown
that A. was not there on that day; and testimony is produced tending to
show that the defendant did not so swear, but that instead he swore that
he saw A. at the house of B. on another day: *Held*, that it was error to
instruct the jury that the variance was not material.

APPEAL from Multnomah County.

The indictment charges that one Han How was arrested
on a charge of larceny from a dwelling-house, and at the
time of her preliminary examination before a justice of the
peace the appellant was called as a witness for the state,
and testified that he, appellant, saw the said Han How at
the house where the larceny was charged to have been com-
mitted on the thirtieth day of October, 1877, and the in-
dictment charges that this statement was false. In this, it
is claimed, consisted the perjury.

On the trial the state negatived the allegation by proof
tending to show that the said Han How was not in Port-
land on said thirtieth day of October, 1877.

The appellant introduced evidence tending to prove that
the appellant did not swear that he saw Han How at the
place where said larceny was charged to have been com-
mitted on the thirtieth day of October, 1877, but that he
did swear that it was on the twenty-ninth day of October,
1877, and that such was the fact.

The appellant requested the court to instruct the jury
that " if they found from the evidence that the defendant
swore, at the time and place charged in the indictment,
that the woman Han How was in the room where the lar-
ceny was said to have been committed on the twenty-ninth
of October, 1877, instead of the thirtieth day of October,
1877, as charged in the indictment, then the jury should
find for the defendant."

The court refused to give the instruction, but instructed
the jury that if they did so find, then the variance would
be immaterial.

*Hill, Durham & Thompson,* for appellant.

*J. F. Caples, District Attorney, and M. F. Mulkey,* for respondent.

By the Court, PRIM, J.:

We think the court erred in this instruction. It is true that a crime may be charged to have been committed on one day and proved to have been committed on another. But that principle we apprehend is not applicable in this case. Here the crime was alleged to have been committed on the fifth day of November, 1877; and any other day might have been shown by the testimony, because the day on which the oath was administered was not of the essence of the crime. But the variance is one which totally changes the statement of the witness complained of from the statement alleged to be false to a statement, the truth of which is neither charged nor proven to be untrue.

The judgment is reversed and a new trial ordered.