[Crim. No. 341.   Second Appellate District.—April 30, 1915.]

## THE PEOPLE, Respondent, v. PHILIP SENEGRAM, Appellant.

CRIMINAL LAW—PERJURY—MATERIALITY OF MATTER SWORN TO.—The matter sworn to need not be directly and immediately material to constitute the crime of perjury, but it is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving weight or probability to the testimony of a witness testifying thereto, or otherwise.

ID.—PROSECUTION FOR RECEIVING STOLEN GOODS—FALSE AND MATERIAL TESTIMONY—WHAT CONSTITUTES.—The giving of false testimony upon the preliminary examination in a prosecution for receiving stolen goods, the tendency of which testimony was to fix the crime upon the defendant charged therewith and to show that the witness had taken no part in the transaction, constitutes the giving of false and material testimony within the meaning of the rule.

ID.—MATERIALITY OF TESTIMONY—DETERMINATION BY JURY—ERRONEOUS INSTRUCTION.—An instruction to the jury which submits to them the determination of the materiality of testimony given at the preliminary examination of a criminal charge, upon which prosecution for perjury is based, is erroneous, as such determination is a question of law for the court; but the instruction is not prejudicially erroneous, where the jury is elsewhere instructed that all of "the said testimony . . . was a material matter and was material evidence and testimony in the said preliminary examination and proceeding."

ID.—FALSITY OF PART OF TESTIMONY—PROPER INSTRUCTION.—An instruction that it was not necessary to a conviction of the defendant that the jury find all of the testimony alleged in the indictment to have been given by the defendant, false, but that if any of the matters and things so sworn to were proven false, such fact would justify them in finding defendant guilty of the charge of perjury, is not erroneous, where the indictment sets forth upwards of thirty answers to as many questions propounded to the defendant in the case out of which the prosecution arose, and alleges that each and everyone of said answers was false.

Id.—FALSE STATEMENT—SECTIONS 118, 125, PENAL CODE.—An instruction to the jury in a prosecution for perjury embodying the provision of section 125 of the Penal Code, that "An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false," is not prejudicially erroneous, when read in connection with an instruction given in the language of section 118 of the Penal Code.

Id.—EVIDENCE—RESOLUTION OF CORPORATION—PREJUDICIAL ERROR.—It is gross error in such a prosecution to admit in evidence a resolution of the corporation of which the defendant was president showing his removal from office for wrongful appropriation of moneys belonging to the corporation, and the prejudicial effect thereof is not cured by the fact that the defendant introduced the findings and judgment of a court in a civil action brought by the corporation against defendant to recover such moneys which findings and judgment exonerated him from the charge.

Id.—EVIDENCE—IMPEACHMENT OF WITNESS.—The state of mind of a witness, his interest in the case, hostility to, friendship for, bias and prejudice against the parties, are always proper matters for inquiry, and this is especially true where the one testifying occupies the position of prosecuting witness.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Earl Rogers, W. H. Dehm, H. L. Giesler, and Baird & Gerecht, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted of the crime of perjury, and appeals from the judgment and an order denying his motion for a new trial.

It appears that one S. Bauman was an employee of the Senegram Company, a corporation, of which defendant was president. Some one telephoned the company, expressing a desire to sell a lot of copper wire and designated a certain saloon in Los Angeles as the place where negotiations could be conducted for its purchase. Bauman met the party and purchased the wire, which as a matter of fact had been stolen

from some point in Arizona. Thereafter a complaint was filed charging Bauman with receiving stolen goods. At the preliminary hearing had thereon before a magistrate, defendant was called as a witness and, as alleged in the indictment, gave certain false and material testimony the tendency of which was to fix the crime upon Bauman and show that defendant had no part in making the purchase of the wire, whereas Bauman claimed that the telephone communication was had with Senegram, who directed the former, as such employee, to go to the place designated and make an offer of thirteen cents per pound for the wire. This testimony, covering some five or six pages of the transcript as set forth in the indictment, consisted of answers made by defendant to questions propounded, each and all of which are alleged to have been materially and knowingly and willfully falsely made.

That defendant gave such answers under oath in the case of People *v.* Bauman, was clearly proved by the official stenographer who reported the case, and there was sufficient evidence adduced to justify the jury in finding that the major part thereof was false. The tendency of the evidence given by this defendant before the magistrate was to prove that Bauman, unknown to defendant and of his own motion, purchased the copper knowing it to have been stolen; that defendant was at the time out of the city and did not receive a communication by 'phone pursuant to which he instructed Bauman to meet the party and, on behalf of the Senegram Company, buy the wire for thirteen cents per pound. ''The matter sworn to need not be directly and immediately material. It is sufficient if it be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact by giving weight or probability to the testimony of a witness testifying thereto, or otherwise.'' (22 Am. & Eng. Ency of Law, p. 687.) Measured by this rule, we entertain no doubt as to the materiality of the evidence given by defendant upon one, if not the chief, issue raised in the Bauman case. See, also, *People* v. *Barry,* 63 Cal. 63; *People* v. *Metzler,* 21 Cal. App. 82, [130 Pac. 1192].

Appellant insists that the court committed prejudicial error in giving certain instructions to the jury. These instructions, which we will designate as 1 and 2, are as follows:

(1) "An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false."

(2) "The court further instructs the jury that it is not necessary to prove or establish all of the matters alleged and set up in the information as constituting the charge of perjury against the defendant herein. It is sufficient if you believe from the evidence beyond a reasonable doubt, that the prosecution has proven that any of the matters charged in the information were so sworn to or testified to by the defendant on the occasion of his testifying as a witness as charged in the information, and that the same is proven by the prosecution, beyond a reasonable doubt, to have been false and untrue at the time the same was so sworn to, or testified to, to the then knowledge of the defendant, as charged in the information, and that *the same was material.*"

Instruction No. 1, embodying the provision of section 125 of the Penal Code, must be read in connection with another instruction given by the court in the language of section 118 of the Penal Code; and so considered, even conceding that it was inapplicable to the issue raised by the facts pleaded, nevertheless could not have been prejudicial to defendant. (*People* v. *Von Tiedeman,* 120 Cal. 128, [52 Pac. 155].)

The other instruction, No. 2, is attacked upon several grounds. Appellant insists that it is erroneous by reason of the fact that the court submitted to the jury the determination of the question as to whether or not any testimony given by defendant was material. The court erred in so directing the jury. "The question of the materiality of evidence, no matter when or how it may arise, is always one of law for the court, and not of fact for the jury." (*People* v. *Lem You,* 97 Cal. 224, [32 Pac. 11].) Nevertheless, defendant could not have been prejudiced by such erroneous instruction for the reason that elsewhere the court, by an instruction which we will designate No. 3, properly instructed the jury that all of "the said testimony . . . was a material matter and was material evidence and testimony in the said preliminary examination and proceeding." Hence, since by No. 3 the court declared all of the charges of false testimony averred in the indictment to be material, the instruction No. 2 under which the jury might have found some of the testimony which they believed to have been falsely given, immaterial, must be

deemed favorable rather than prejudicial to the substantial rights of defendant. (*People* v. *Lem You,* 97 Cal. 224, [32 Pac. 11].)   It is likewise obvious that, conceding the two instructions respecting the question of materiality of the evidence to be inconsistent, such fact could in no wise have been prejudicial to defendant.

Appellant insists that instruction No. 2 is also erroneous in that it instructs the jury that it was not necessary to a conviction that they find all of the testimony alleged in the indictment to have been given by defendant, false, but that if any of the matters and things so sworn to were proven false such fact would justify them in finding defendant guilty of the charge of perjury.   The alleged error in the instruction is based upon the contention that the offense is assigned upon *all of the testimony* given, instead of predicating the charge upon a particular answer.   In 30 Cyc. 1452, the rule is stated thus: "If, however, the indictment is in one assignment, failure to prove all the statements substantially as alleged is fatal to the prosecution."   To the same effect is *Brown* v. *State,* 40 Tex. Crim. 49, [48 S. W. 170], where it is said: "But here the assignment is *in solido,* and contains in combination several statements, all of which together are alleged to be material, and the falsity of all is charged.   We cannot dissever these allegations, but must consider all together, and that together they present a material issue, and as alleged it was incumbent on the state to prove that appellant swore to all the statements substantially as alleged."   The indictment sets forth upwards of thirty answers to as many questions propounded to defendant in the Bauman case, "each and all and every of them so made . . . and sworn to as true" are alleged to have been material, as well as false.   Since the allegation is that *each and every one* of the answers so given was false, it cannot be said that the charge was based upon the falsity of the evidence *in solido* set forth in the indictment.   On the contrary, while the form of pleading may be objectionable, nevertheless, in the absence of a special demurrer, the indictment, since it alleges that *each and every one of the answers* was false, must be deemed sufficient as a separate and distinct assignment of perjury based upon each answer sworn to by defendant.   If this be true, it necessarily follows that the court committed no error by instructing the jury that if they found *any* of the matters or testimony set forth in the indict-

ment to be false, such fact was sufficient to justify them in bringing in a verdict of guilty.

As stated, defendant was president of the Philip Senegram Company, a corporation. It appears that sometime prior to his trial the board of directors of the corporation passed a resolution as follows: "Whereas, it appears that Philip Senegram, president of this company, has feloniously taken moneys therefrom and has neglected the duties of his office and used his office for the purpose of ruining this company, now, therefore, be it resolved that the said Philip Senegram be and he is hereby removed as president of this company and as an employee thereof." This resolution was admitted into evidence over the objection of defendant. The attorney-general does not seek to justify the ruling, but, conceding the error, insists that the prejudicial effect thereof, if any, was cured by the fact that defendant introduced the findings of a court in a civil action brought by the corporation against Senegram to recover moneys alleged to have been taken by him from the company, which findings and judgment exonerated defendant from such charge. That the admission of the resolution in evidence was gross error must be conceded. It had no possible bearing upon the issue involved in the trial. Whether or not defendant had wrongfully appropriated money from the corporation of which he was president and otherwise ruined the company, did not tend in any degree to show whether or not he had sworn falsely in the Bauman case. By admitting in evidence the accusation thus formally made by defendant's business associates the court in effect told the jury that the making of such charge was a material matter for their consideration in determining the question of defendant's guilt, as charged in the indictment. The effect of such consideration, since the matter was well calculated to blacken his character, must necessarily have been highly prejudicial to the substantial rights of defendant.

Appellant complains of several rulings of the court sustaining objections to evidence offered for the purpose of impeaching Bauman, the chief witness for the prosecution. On cross-examination Bauman was asked if he had not tried to get one Levin to testify against defendant, and upon Levin saying he knew nothing about the case, said to him: "You don't have to know anything about it; I will tell you what to testify to." A like question was asked of Levin, to both of which the court

sustained objections. The court likewise sustained objections to the introduction in evidence of a pleading, verified by Bauman as secretary of the Senegram Company, the allegations of which defendant claimed were inconsistent with some of Bauman's answers and tended to corroborate testimony given in behalf of defendant by the witness Gerecht. The state of mind of a witness, his interest in the case, hostility to, friendship for, bias and prejudice against the parties, are always proper matters for inquiry, and this is especially true where the one testifying occupied the position, as here, of prosecuting witness. (*People* v. *Thomson,* 92 Cal. 506, [28 Pac. 589]; *People* v. *Wong Chuey,* 117 Cal. 624, [49 Pac. 833]; *People* v. *Mack,* 14 Cal. App. 12, [110 Pac. 967].) As stated, it was averred in the indictment that each and every one of the answers given by Senegram in the Bauman case was false, and the jury were instructed that if they found any of such answers false, such fact was sufficient to justify a verdict of guilty. If, therefore, the answers given by Senegram, and which the jury found to be false, were those the falsity of which depended solely and alone upon the testimony of Bauman (and there were such), then it is apparent that any abridgement of defendant's right to impeach Bauman's testimony was clearly prejudicial.

For the reasons given, the judgment and order are reversed.

Conrey, P. J., and James, J., concurred.