[Crim. No. 2076. Second Appellate District, Division One.—October 13, 1931.]

THE PEOPLE, Respondent, v. FRED A. PAHRMAN, Appellant.

Paul W. Schenck for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

BISHOP, J., *pro tem.*—We are asked to free appellant from the effects of a conviction of perjury, because, technically expressed, the assignment of perjury was *in solido* and the proof failed to establish the falsity of the totality. Stated more plainly, the claim is, that because his testimony was averred to be contrary to the truth in two instances, set out conjunctively, and it developed that only in one instance had he departed from the truth, he has not been shown guilty of the offense charged. This plea does not commend itself to our minds. Appellant, in his opening brief, correctly senses the impression made by his argument when he says:·"The layman would, perhaps, say that it was all pure technicalities." His answer to this criticism is: "We must not break down fixed and fundamental principles of law because of the layman's cry of technicalities." With this we argee; but it is the part of wisdom nevertheless, when we are confronted by a rule which outrages common sense, to scrutinize it carefully to make sure that it is a fixed and fundamental principle of law, required by the administration of justice, and is not just a phrase worthy of respect on no ground other than its venerable appearance.

The indictment, under which appellant was brought to trial alleges that appellant was a properly sworn witness at the trial of his fellow police officer, Bost, who was charged with murdering one Sierra. The materiality of three questions (or groups of questions) was then shown: (a) was Sierra at and in the vicinity of and in the neighborhood of the intersection of Utah and Las Vegas Streets on the evening of July 4th, and on the morning of July 5th; (b) did the appellant see Sierra at said locations, or either of them, at either of said times; (c) did Bost fire a revolver at either location, at either time? Called upon to answer concerning these questions, the indictment continues, appellant falsely swore that Sierra was not, and appellant did not, on the

evening of July 4th, see him at or in the vicinity of or in the neighborhood of the intersection of Utah and Las Vegas; nor was Sierra, nor did appellant see him, at any of the places mentioned on the morning of July 5th; and that Bost did not fire a revolver on either of said times or at either of said places. The indictment continues in these words:

"Whereas, in truth and in fact, as he, the said Fred A. Pahrman, then and there well knew, said Christobal Silvas Sierra, also called and known as Christopher Silvas Sierra, was, on the evening of the fourth day of July, 1929, and on the morning of the fifth day of July, 1929, present at and in the vicinity of and in the neighborhood of the intersection of Utah and Las Vegas Streets in the City of Los Angeles, state of California; and

"Whereas, in truth and in fact, the said Fred A. Pahrman, on the evening of the fourth day of July, 1929, and on the morning of the fifth day of July, did see said Sierra at and in the vicinity of and in the neighborhood of the intersection of Utah and Las Vegas Streets in the City of Los Angeles, State of California; and

"Whereas, in truth and in fact, said William J. Bost did, on the evening of the fourth day of July, 1929, and on the morning of the fifth day of July, 1929, at and in the vicinity of and in the neighborhood of the intersection of Utah and Las Vegas Streets, in the City of Los Angeles, State of California, fire and discharge a gun and revolver, . . ."

Appellant was tried by the court without a jury and without witnesses, except as they appeared by the stipulation that the witnesses who testified at the Bost trial should be deemed to have given the same testimony again in the case under review. So adduced, the evidence, though conflicting, was sufficient on this trial, as it had been found before (see *People* v. *Bost*, (1930) 107 Cal. App. 550 [290 Pac. 513]), to warrant the conclusion that Sierra was at the corner and in the vicinity of the corner and in the neighborhood of the corner of Utah and Las Vegas Streets on the evening of July 4th, in plain sight of appellant; and that Bost discharged a revolver that evening, in the vicinity and neighborhood of the corner, while he and appellant were there on their official errand. The evidence shows, however, that the shooting occurred shortly before midnight, and Sierra was taken away in a dying condition before

12:01 A. M. of July 5th. So far as the indictment alleges the truth to be that the several events took place July 4th *and* July 5th, therefore, it is not supported in its entirety by the evidence. This is the discrepancy to which appellant points.

In order the better to understand his quotations from the authorities, appellant introduces his argument with the proposition that that portion of the indictment for perjury, wherein is contained the averments showing that the truth and the statements made by the defendant do not agree, is called the ''assignments of perjury''. In our case this is the part of the indictment quoted above. Appellant is correct in his contention. (*People* v. *Bradbury*, (1909) 155 Cal. 808 [103 Pac. 215]; *De Bernie* v. *State*, (1851) 19 Ala. 23; *Fudge* v. *State*, (1909) 57 Fla. 7 [17 Ann. Cas. 919, 49 South. 128]; and see Archbold's form of indictment for perjury contained in 2 Bishop on Criminal Procedure, (1866) sec. 847.) Having established the meaning of the term ''assignments of perjury'', appellant quotes from three sources in support of his main proposition. From Wharton's Criminal Law, eleventh edition, section 1586, page 1727, he gives this quotation: ''It is necessary, however, that every fact which goes to make up any particular assignment of perjury should be so disproved.'' From section 1571, page 1719, of the same work this is taken: ''It is necessary, at all events, for the prosecution to prove in substance the whole of what was set out in a particular assignment as what was sworn to by the defendant referable to such assignment; proving only a part is not sufficient.'' A similar conclusion is quoted in these words from 48 Corpus Juris, page 890: ''But if the indictment is in one assignment, failure to prove all the statements substantially as alleged is fatal to the prosecution.''

The weight of these several statements may be fairly measured by the authorities cited in support of them, as they appear to be based not on abstract reasoning, but on cases cited. Four early English cases are given in the footnote appended to the first quotation from Wharton's work. Each of these cases deals with the rule that the falsity of the assignment must be established by two witnesses or one witness and corroborative circumstances. None of the four even tend to support the statement that ''every fact . . .

should be . . . disproved''. The emphasis is on ''so''. The second quotation from Wharton's stands on a footnote containing two cases: *Rex* v. *Jones*, (1791) Peake N. P. Cases, p. 51 (erroneously given in the footnote as p. 37), 170 English Reprint, 75, and *State* v. *Ah Sam*, (1879) 7 Or. 477. The value of the first case as an authority for the text may be accurately gauged by a quotation from Lord Kenyon's remarks: ''The whole of the defendant's evidence on the former trial should be proved, for if, in one part of his evidence he corrected any mistake he had made in another part of it, it will not be perjury.'' This case did not deal at all with the necessity of proving false all the testimony assigned as perjury. In the Ah Sam decision it was held that there was a material variance between the allegation that defendant had falsely testified that he saw John Doe at a certain house October 30th, and proof that his testimony was that he saw him there October 29th. Such a conclusion is plainly not authority for the text, if we interpret the text as supporting appellant's proposition.

The statement quoted from Corpus Juris first appeared in 30 Cyc. 1452, at which time but one case was referred to in its support, viz., *Brown* v. *State*, (1898) 40 Tex. Cr. 48 [48 S. W. 169]. An examination of the opinion in that case discloses that the holding is, not that all of each assignment in perjury must be proven, but that it must be shown that the defendant stated all that he was alleged to have stated. In support of which conclusion the court quotes Mr. Wharton as saying: ''It is necessary that every fact which goes to make up any particular assignment of perjury should be disproved.'' This quotation, if correct in omitting the word ''so'', does not uphold the court's decision, and is itself not warranted, as we have noted, by the decisions most lately given in its behalf.

The footnote in Corpus Juris, connected with the text quoted, contains in addition to *Brown* v. *State*, just reviewed, and *Rex* v. *Jones*, already found to be of no help, two later Texas cases. In the first of these, *Adams* v. *State*, (1906) 49 Tex. Cr. 361 [91 S. W. 225], the court ''takes it'' that it was incumbent on the state to prove the falsity of all the facts in the affidavit charged to be a perjured statement, but continues: ''We believe the state made such proof.'' In the second case, *Welch* v. *State*, (1921) 88

Tex. Cr. 346 [227 S. W. 301], for the first time, in any of the cases, we find a definite, pertinent statement in support of appellant's position given, this time, for the guidance of the trial court on a new trial: "Having alleged it *in solido* and that all the testimony alleged to be false was in fact false, the state must so prove it in order to secure a conviction." No authority or argument was given for this statement of principle, but we may concede that by virtue of this case it is the law of Texas.

Two other cases, to which attention was directed in the footnote of the Corpus Juris text, should be mentioned. The first is a decision of this court, *People* v. *Senegram*, (1915) 27 Cal. App. 301 [149 Pac. 786]. It was contended, in the Senegram action, that a conviction could not be sustained unless all the answers, charged as false, were so proven. To express appellant's position the quotation from 30 Cyc. 1452 was given, and some of the language of *Brown* v. *State*, *supra*, employed. Neither were commentated upon favorably or unfavorably, the conclusion being that the case under review was not one where the falsity of the testimony was assigned *in solido*, for each answer was the subject of a separate assignment of perjury. The second case to which the footnote directed attention is *State* v. *Saunders*, (1927) 122 Kan. 840 [253 Pac. 572]. There, also, the statement in 30 Cyc. 1452 is given as expressing the appellant's contention, followed by this comment: "This rule has been applied in somewhat extreme cases" (citing *Welch* v. *State* and *People* v. *Senegram*, both of which we have considered) "Whatever its force generally, we think it is not substantially violated here."

In addition to these authorities, to which we have been led by appellant, we found, in McClain on Criminal Law, (1897) volume II, section 883, this statement: "But if the entire matter alleged to have been falsely stated is set out in one averment the whole must be proved." Two cases are given as authority by the authors: *Rex* v. *Reefe*, (1809) 2 Camp. 134, 170 Eng. Reprint, 1106, and *State* v. *Blaisdell*, (1879) 59 N. H. 328. The first of these cases is practically the same as *Rex* v. *Jones*, *supra*, in its holding. The second, as does *State* v. *Hascall*, (1833) 6 N. H. 352, to which it refers, contains language in support of the text, but both cases hold that there are distinct assignments of perjury and

proof of one is sufficient (and was made). What is said about the necessity of proving all, is *dicta* unenforced by authority or reasoning.

This somewhat lengthy review of the authorities satisfies us that the rule contended for not only is not established in this state, but also that it is not so rooted in the common law that it is a "fixed and fundamental principle of law" to which we must bow. Nor are we conscious of any rule of reason which would require a reversal in this case, because the state failed to prove that appellant's sworn testimony was false in both particulars alleged. We do not say that there might not be cases where a failure to prove one-half of a conjunctive allegation of falsehood might not be fatal, but there is here no such relation between the two statements that proof of one is inconsistent with or falls by failure to prove the other. With a trial by the court, without a jury, there can be no question of a verdict reached without unanimity as to the day involved. The allegations that the event happened on July 5th may be treated as surplusage, and disregarded. (*State* v. *Herrera,* (1922) 28 N. M. 155 [24 A. L. R. 1124, 207 Pac. 1085].)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 12, 1931.