[No. 20190.  In Bank. — December 9, 1886.]

# THE PEOPLE, RESPONDENT, *v.* J. D. D. McCOY, APPELLANT.

CRIMINAL LAW — ARRAIGNMENT — DEFENDANT STANDING MUTE — ENTRY OF PLEA BY COURT — FORM OF ENTRY. — The defendant was convicted of manslaughter. At the time of his arraignment, he was asked if he pleaded guilty or not guilty. To this question he personally made no answer, but his attorney said, "We plead not guilty." The clerk thereupon, the defendant still standing mute, made an entry in the minutes of the court that "the defendant pleads not guilty of the offense charged in the information, and by consent of all parties, the cause is set for trial on the 12th of October, 1885." *Held*, that under section 1024 of the Penal Code it was the duty of the court to have entered on the minutes a plea of not guilty, and that the defendant was not prejudiced by the form of the entry.

ID. — WITNESS FALSE IN PART — INSTRUCTION NEED NOT BE REPEATED. — The refusal of the court to instruct the jury that a witness false in one part of his testimony is to be distrusted in all is not error, if the instruction has already been substantially given.

ID. — MISCONDUCT OF JUROR — READING NEWSPAPER — NEW TRIAL. — The reading by a juror, during the progress of the trial, of a newspaper containing any matter in connection with the subject-matter of the trial which would be at all likely to influence him in the performance of his duty, is sufficient misconduct to warrant a new trial.

ID. — MISCONDUCT MUST BE OBJECTED TO BEFORE DETERMINATION OF MOTION. — Where a party in the trial of a criminal case sees or knows of an act of misconduct by a juror, which he does not bring to the attention of the court, or object to at the time, or at any other time during the trial, or on the hearing of a motion for a new trial, it is too late to make the misconduct a basis of objection after the court has disposed of the motion and pronounced judgment.

ID. — APPEAL — RECORD MUST SHOW GROUNDS OF MOTION. — In such a case, where the record fails to disclose the grounds upon which the motion for a new trial was heard and determined, the ruling of the court upon the motion cannot be reviewed on appeal.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Hall & Hamer, L. F. Eastin, J. M. Brooks,* and *L. C. McKeeby,* for Appellant.

*Attorney-General Marshall, Orestes Orr,* and *Blackstock & Shepherd,* for Respondent.

McKEE, J.—The defendant in this case, having been convicted of the crime of manslaughter, appealed from the judgment of conviction, and from an order denying his motion for a new trial.

The first assignment of error is that the verdict returned by the jury and the judgment rendered by the court are void, because the defendant did not *personally* plead to the information, and in consequence there were no issues raised upon which he could be tried and convicted.

But the record shows that the defendant was regularly arraigned; that upon his arraignment, he was asked if he pleaded guilty or not guilty, and that personally he made no answer; but in his presence, his attorney, answering, said, "We plead not guilty." Whereupon, the defendant still standing mute, the clerk of the court made an entry in the minutes of the court, in the following words, namely: "Defendant pleads not guilty of the offense charged in the information, and by consent of all parties the cause is set for trial on the 20th of October, 1885."

The plea of the defendant as it was formulated for him by his attorney was therefore regularly entered upon the minutes. He consented to it, and in the form in which it was made we cannot see that any of the substantial rights of the defendant were in any way prejudiced. Besides, if the refusal of the defendant to answer in person was equivalent to a refusal to plead to the information, the law cast upon the court the duty of having entered on the minutes of the court a plea of not guilty. (Pen. Code, sec. 1024.) That was in effect done, and thereby issues were raised according to law, upon which the defendant was legally tried and convicted.

The next assignment of error is that the court refused, at defendant's request, to give the jury the following instruction: "A witness false in one part of his testimony is to be distrusted in all."

Unquestionably, that is a plain legal proposition which a court is bound by law to give to a jury on all proper occasions. (Code Civ. Proc., secs. 20, 61; *White* v. *Disher,* 67 Cal. 402; *Brown* v. *Griffith,* 70 Cal. 14.) But the court in its charge to the jury had substantially given the proposition to them as law; and as we have repeatedly held, a court is not bound to repeat any of its instructions.

Lastly, the refusal of the court to grant a new trial is assigned as error.

The judgment roll shows that on the day appointed for pronouncing judgment the defendant moved *viva voce* for a new trial, "on the grounds then stated and taken down by the court reporter." But the grounds of the motion, whatever they were, are not embodied in the bill of exceptions prepared by the defendant and settled by the court.

There is in the bill an affidavit made by one of defendant's attorneys, which contains a statement that some of the jurors, while engaged in the trial of the cause, occupied their time by reading copies of a newspaper, which contained an editorial condemnatory of the administration of justice in criminal actions in the courts of the county, but it had no reference to the case on trial.

There is no doubt, however, that the reading of newspapers by jurors, while engaged in the trial of a cause, is an inattention to duty which ought to be promptly corrected; and if the newspaper contains any matter in connection with the subject-matter of the trial which would be at all likely to influence jurors in the performance of duty, the act would constitute ground for a motion for a new trial. Jurors in a criminal action are sworn to render a true verdict according to the evidence. They cannot, under the oath which they take, receive impressions from any other source. If it be proved as a fact, or may be presumed as a conclusion of law, that

their verdict may have been influenced by information or impressions received from sources outside of the evidence in the case, such a verdict is subject to be set aside on a motion for a new trial. (Pen. Code, sec. 1181, subd. 2.)

But there is nothing in the bill of exceptions which affirmatively shows that the motion for a new trial was made on that ground. The affidavit itself, if regarded as a part of the bill, does not show it. It contains a statement that the affiant had no knowledge of the objectionable character of the editorial in the newspaper, in the hands of the jurors, until after the close of the trial and the recording of the verdict, and that on the argument of the motion for a new trial he brought it to the attention of the court, and made it a ground of motion for a new trial.

But, assuming that the editorial contained matter which it was objectionable for a juror to read, there was no showing that any of the jurors read the objectionable matter, or that it in any way influenced their verdict or prejudiced any substantial right of the defendant. Such a showing was not made on the hearing of the motion. The motion was heard and decided on the 3d of December, 1885, and the affidavit was not made until the 16th of January, 1886, — six weeks after the court had denied the motion and pronounced judgment; therefore the affidavit could not have been used on the hearing of the motion, and in fact, the bill of exception affirmatively shows that it was not used.

Where a party in the trial of a criminal action sees or knows of an act of misconduct by a juror, which he does not bring to the attention of the court, or object to at the time, or at any other time during the trial, or on the hearing of a motion for a new trial, it will be too late to make it the basis of objection and exception after the court has disposed of the motion and pronounced judgment.

The judgment pronounced brought the proceeding to an end and was final and conclusive, subject only to be reviewed and reversed for errors apparent on its own record, and where such a record fails to disclose the grounds upon which a motion for a new trial was heard and determined, the ruling of the court upon the motion cannot be made the subject of review on appeal.

Judgment and order affirmed.

MYRICK, J., MORRISON, C. J., SHARPSTEIN, J., McKINSTRY, J., and THORNTON, J., concurred.