[No. 21021.   Department Two.—November 28, 1893.]

THE PEOPLE, RESPONDENT, *v.* MARTIN H. HAND-LEY, APPELLANT.

CRIMINAL LAW—ARSON—INFORMATION—IDENTIFICATION OF HOUSE—OWN-ERSHIP IMMATERIAL.—Where an information charging a defendant with the crime of arson contains a description of the house alleged to have been burned sufficient to identify it, regardless of the name of the owner, the ownership of the house, although alleged in the information, becomes immaterial as not being a necessary part of the description of the crime charged, and is not necessary to be proved.

ID.—PLEADING—MATERIALITY OF ALLEGATIONS—DESCRIPTION ESSENTIAL TO IDENTITY—SURPLUSAGE.—Every fact or circumstance necessary to constitute the crime charged must be alleged and proved, and an allegation otherwise not essential may become material, and must be proved in all cases when descriptive of the identity of that which is necessary to the charge; but the allegation of a fact or circumstance not legally essential to the charge is mere surplusage, and may be disregarded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Robert Ferral*, for Appellant.

*Attorney-General W. H. H. Hart*, and *Deputy Attorney-General W. H. Layson*, for Respondent.

FITZGERALD, J.—The defendant was convicted of the crime of arson in the second degree, and sentenced to

imprisonment in the state prison for the term of six years.

From the judgment of conviction and the order denying his motion for a new trial this appeal is taken.

Appellant relies for a reversal on two grounds:

*First.* Failure to prove the alleged ownership of the burned building.

*Second.* Insufficiency of the evidence to sustain the verdict.

The house alleged to have been burned by the defendant is described in the information as follows:

"A certain inhabited building, situate at number 139 Dolores street, in said city and county of San Francisco, the property of one Ellen Bolton, then and there actually occupied by the said Martin H. Handley," the defendant.

It is claimed by appellant that the name of Ellen Bolton, the alleged owner of the building, does not appear, except as stated, anywhere in the record, and that there was no evidence adduced on the trial in support of such allegation of ownership.

On this point Miss Nellie Thompson, a witness for the prosecution, testified as follows:

". . . . My mother owns the premises 139 Dolores street. First saw defendant on 2d March. He wanted to see the house, and asked for the keys. Was with another man; showed him the house; said he would take it and paid $2; next day paid the balance and got the keys, four in all. Said would move in the following day. I was present at the fire March 6th. The man with Handley was about his size, fair complexion, blond mustache."

The rule, with reference to the proof required to support an information or indictment, is that every fact or circumstance necessary to constitute the crime charged is material, and must be alleged and proved. But the allegation of a fact or circumstance not legally essential to the charge is mere surplusage, and may be disregarded. There are allegations, however, not necessarily essential, and which may be dispensed with; but when

they are laid in the information or indictment they become material, and must be proved in all cases when descriptive of the identity of that which is necessary to the charge.

In the case before us the name of the owner, although alleged, was immaterial, because it was not a necessary part of the description of the crime charged, therefore not necessary to be proved.

Omitting the name of Ellen Bolton from the description contained in the information, such description is a sufficient identification of the house which the defendant is charged with burning. And the evidence adduced at the trial tended to show that at the time of the fire referred to he occupied it as the tenant of another who was the owner thereof, and that he paid such owner the rent therefor.

It therefore follows that proof of the name of the owner under these circumstances would be merely an addition to a description which, in itself, is full and complete without it.

With reference to the remaining point relating to the insufficiency of the evidence, it is sufficient to say that it justifies the verdict.

Let the judgment and order be affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.