[Crim. No. 459.   Second Appellate District.—February 3, 1916.]

## THE PEOPLE, Respondent, v. H. L. FREEMAN, Appellant.

CRIMINAL LAW—PASSING CHECK WITHOUT FUNDS—PLEADING AND PROOF —IMMATERIAL VARIANCE.—In a prosecution for the crime of passing a check without having sufficient funds in the bank upon which it was drawn to pay the amount specified therein, where the check offered in evidence corresponded in all respects with the copy set out in the information, except that the figure "1" appeared in the date line, making the wording "3–12 1915," instead of "3–2 1915," the variance between the pleading and the proof was immaterial and non-prejudicial, where it appeared in the evidence that the omission of the figure "1" before the "2" in the date line was a clerical error, and the evidence identified the check as being that which it was charged the defendant had unlawfully passed.

ID.—VARIANCE—TEST OF MATERIALITY.—The test of the materiality of a variance is whether the indictment so fully and correctly informs the defendant of the criminal act with which he is charged, that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense.

ID.—EVIDENCE—CONDITION OF BANK ACCOUNT—STATEMENT OF BANK—ABSENCE OF ERROR.—In such a case, where the cashier of the bank in which the defendant had an account prior to the date of the transaction in question, was permitted, over the defendant's objection, to testify from a sheet made up from the books of the bank as to the state of the account, and the checks drawn against the credit which the defendant had had at the bank were introduced in evidence, the error, if any, was cured by the introduction of testimony by the defendant in which he admitted the passing of the check in question and that at the time he drew it he had no funds on deposit at the bank but claimed the situation was explained to the complainant.

ID.—INSTRUCTIONS—INTENT.—In such a case there was no error on the part of the court in modifying an instruction offered by the defendant, which advised the jury that the intent of the defendant was "the all-important element," by making it read that the defendant's intent was "an" important element.

ID.— CHECK PAYABLE TO CASH OR BEARER — CONSTRUCTION OF SECTION 476, PENAL CODE.—A check drawn to "cash or bearer" is such an instrument as is described in section 476 of the Penal Code, as it is an order for the payment of money.

APPEAL from a judgment of the Superior Court of Imperial County, and from an order denying a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

John A. Berry, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was charged with and convicted of the crime of passing a check without having sufficient funds to his credit in the bank upon which it was drawn to pay the amount specified therein. The check was drawn to "cash or bearer" and was signed by the defendant. The jury returned a verdict of guilty, with a recommendation for probation. The court ignored the recommendation and sentenced defendant to serve a term of three years in prison. He appeals from that judgment and from an order denying his motion for a new trial.

The information charged that the check was passed on or about the twelfth day of March, 1915, and as set out in the information the date line of the check read as follows: "Brawley, Cal. 3–2 1915." The check when offered in evidence corresponded in all respects with the copy set out in the information, except that the figure "1" appeared in the date line, making the wording "3–12 1915," instead of "3–2 1915." To the introduction of the check objection was made on the ground that there was a material variance between the allegations and the evidence offered. The objection was overruled. It is now claimed that the court in making this ruling committed error prejudicial to the rights of the defendant. It may be admitted that there was a variance, and the question presented is as to whether that variance was of such a nature as might permit of the appellant being prosecuted for a separate offense based upon the check as it appeared in its form different from that described in the information. If the variance was of that kind, then it must be said that a miscarriage of justice would result upon this conviction. The question to be answered is, as expressed in the decision in *People* v. *Terrill*, 132 Cal. 497, [64 Pac. 894], where the court quotes from Underhill on Criminal Evidence: "Does the indictment so far

fully and correctly inform the defendant of the criminal act with which he is charged, that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense?" In *People* v. *Arras,* 89 Cal. 223, [26 Pac. 766], the court said: "A material variance between the proof and the information arises when an acquittal of the defendant under the information would be no bar to a further prosecution for the same offense." Considering the variance there presented, the court further declared that: "The discrepancy did not in any respect affect the validity of the information, nor could it in any way have misled or prejudiced the defendants in their defense; it affected none of their substantial rights; the variance was therefore immaterial." Examining the evidence in this case, it seems to have been shown clearly enough that the omission of the figure "1" before the "2" in the date line, was, as stated by the district attorney, a clerical one, and all of the evidence identified the check as being that which it was charged the defendant had unlawfully passed. It was shown that no other check was received from the appellant by the complainant on the date charged, to wit, the twelfth day of March, 1915. As we view the evidence, there could have been no question but that the check offered in evidence was the one by the use of which the crime charged was perpetrated; and we have no doubt at all but that the appellant would not be embarrassed in making proof under a possible subsequent charge made affecting the same check that he had theretofore been convicted of the crime, and hence had been once in jeopardy. It follows, then, that the variance was immaterial.

It appeared that the appellant had, prior to the date of the transaction referred to in the information, a bank account with the banking institution upon which the check described was drawn. The bank cashier, over the objection of appellant, was permitted to testify from a sheet made up from the books of the bank as to the state of the account, and the checks drawn against the credit which appellant had had at the bank were introduced in evidence. All of this testimony was objected to. It would be profitless to discuss the question of the competency of this evidence, in view of the requirement which the law imposes upon us that we shall examine the whole of the evidence to determine whether in a given case

there has been a miscarriage of justice. The defendant could, of course, have rested on the proof offered by the prosecution, but he did not do so, and proceeded to furnish testimony himself, and from this testimony it appears that he admitted the passing of this particular check, and admitted that the time he drew it he had no funds on deposit at the bank, but claimed that the situation was explained to the complainant, and that the complainant understood that there would be funds at the bank to meet the check at a time some few days in the future. Defendant furnished this evidence by his own mouth, and if there was any error committed in the introduction of the bank's statement or checks (it is not determined that there was such error), it was cured by the admissions made of those facts which the evidence objected to was offered to prove. There was evidence showing that, even at the date when defendant claimed that he had promised to have money in the bank to meet the check, the funds were not provided.

Appellant claims that the court erred in modifying an instruction offered by him which advised the jury that the intent of the defendant was "the all-important element." The court changed the language and made the instruction read that the defendant's intent was "an" important element. The modification, we think, was properly made; proof of intent was no more an important requisite than proof of the passing of the check itself. If the intent was an important element, as the court told the jury, it was, as the court properly said in another instruction which is objected to, "a mental process" to be gathered from evidence of words and acts of the party charged. The check described in the information, notwithstanding that it was drawn to "cash or bearer," was such an instrument as is described in section 476 of the Penal Code. That section describes a bill, note, check, "or other instrument in writing for the payment of money." The check issued by appellant was unmistakably an order for the payment of money, drawn by him as such and accepted with that understanding. If there was any defect of proof as to the presentment of the check, as is claimed by appellant, there would be no error in the conviction where it was shown, as appeared by the appellant's own admission, that at the time of the making of the check and thereafter he had no credit at the bank upon which the check was drawn. Upon the whole record, it cannot be said that any right of the defendant in the

conduct of his trial has been so infringed upon as to suggest the conclusion that there has been in this case a miscarriage of justice.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.