[Crim. No. 1189. Third Appellate District.—May 10, 1932.]

THE PEOPLE, Respondent, v. W. S. J. RANNEY, Appellant.

Gumpert & Mazzera and C. H. Hogan for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON (R. L.), J.—The defendant was convicted of grand theft on two counts of an indictment. He also confessed two former convictions of other felonies with which he was charged. The jury acquitted him of five separate

counts of similar charges of grand theft which were included in the indictment. The indictment originally contained twenty-one separate counts of grand theft. At a former trial the defendant was convicted of the seven counts which are involved in this appeal. The remaining fourteen counts were then dismissed. On appeal the judgment of conviction which was entered at the former trial was reversed for the giving of an erroneous instruction to the jury. (*People* v. *Ranney*, 213 Cal. 70 [1 Pac. (2d) 423].) A retrial of the seven remaining counts resulted as above stated. From this last judgment of conviction on counts fifteen and seventeen of the indictment, this appeal was perfected.

The defendant was employed as the assistant manager and auditor of the Harris Manufacturing Company of Stockton. In September, 1927, he procured the issuing of a check, by the authorized agent of the company, for $1500, and appropriated the money to his own use. On account of this transaction he was charged in the fifteenth count of the indictment, with grand theft of that amount.

About the same time the last-mentioned transaction occurred, by means of a subterfuge, the defendant procured one Hollenbeck to draw, in the name of the appellant, his check for the sum of $1800, in payment of a claim due to the Harris Manufacturing Company. Ranney then cashed the check and appropriated this sum of money to his own use. On account of this transaction, he was charged in the seventeenth count of the indictment with grand theft of that amount. The other five counts upon which the defendant was acquitted, were for similar transactions. The defendant admitted his appropriation of a total sum in excess of $14,000, in the transactions involved in the seven counts which the last jury considered. The defendant contended that he took each of these sums of money with the consent of three named directors as payment for fifteen per cent as commissions which they had agreed to give him for the sale of capital stock of the Harris Manufacturing Company of the aggregate value of $83,500. This stock belonged to individual stockholders, but it was contended that it was sold for the benefit of the company to relieve it from financial embarrassment. The defendant testified that these three directors authorized him to take his commissions from the funds of the company, but advised him to take them in

such a manner as to prevent another director, whose name is Henry, from acquiring knowledge of the appropriations. At the trial each of the directors denied they had agreed to pay the defendant any commissions for selling the capital stock, or that they authorized him to take any money from the funds of the company for that purpose.

The appellant contends that the verdict of guilty as to counts fifteen and seventeen of the indictment is inconsistent with the verdict of acquittal as to the remaining five counts, because the evidence regarding the intent or good faith with which the defendant appropriated the various sums of money applied alike to each of the seven counts which are involved in this trial. It is therefore claimed the verdict of guilty is void and the judgment of conviction was erroneously entered. The appellant also asserts the court erred in giving and refusing certain instructions to the jury.

There is no merit in the contention that the verdict of conviction of the fifteenth and seventeenth counts is void because it is inconsistent with the acquittal of the defendant upon the remaining five counts of the indictment. It may be conceded that the jury was inconsistent in convicting the defendant upon these two counts and acquitting him upon the remaining five counts of the indictment. It may be true that a reconciliation of these opposing verdicts should have required the conviction of the defendant upon all seven of the counts. The motive which prompted the jury to acquit the defendant upon five counts of the indictment is not before this court on appeal. The only question which is presented to this court in that regard is whether there is sufficient evidence to sustain the verdict of guilty with respect to the fifteenth and seventeenth counts. It is not contended the evidence is insufficient to support this verdict of guilty. It is merely asserted that verdict is void because it is inconsistent with the other verdict of acquittal as to the remaining counts. It will be recalled that each of the directors contradicted the defendant's claim that they had authorized him to take any money from the funds of the company in payment of commissions claimed to have been earned. Each count contained in the indictment was based upon allegations of separate and distinct appropriations of funds. The jury was required to pass upon each count with which the de-

fendant was charged, independently of the other counts. The disposition of one count had no bearing upon the verdict with respect to other counts, regardless of what the evidence may have been. Each count must stand upon its own merit. The amendment to section 954 of the Penal Code conclusively settles this controversy adversely to the contention of the appellant. That section provides for the charging of "two or more different offenses of the same class of crimes or offenses, under separate counts". That section, as amended in 1927, then provides that, "A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count." This language clearly means that each count in an indictment or information, which charges a separate and distinct offense must stand upon its own merit, and that a verdict of either conviction or acquittal upon one such charge has no effect or bearing upon other separate counts which are contained therein. It follows that the verdict of conviction of the fifteenth and seventeenth counts in the present case is not invalid. There are no authorities to the contrary in other jurisdictions where a statute exists similar to the California law above quoted.

A refusal to give to the jury the following instruction which was offered in behalf of the defendant, is assigned as erroneous. That instruction reads in part:

"If you believe from the evidence in this case that prior to the taking of said money by the defendant W. S. J. Ranney he did in fact sell $83,500.00 worth of the preferred stock of The Harris Manufacturing Company and that for his services in connection with the sale of said stock the Directors of said Company, *or any or either of them*, promised and agreed that he should receive from the funds of said Company a commission of fifteen per cent of the sale price of said stock . . . and that the taking of said sum of money by the defendant was in part payment of said commission and said advances, or if you have any reasonable doubt regarding any of said facts, then I instruct you that the defendant W. S. J. Ranney committed no offense in taking said money and it will be your duty to find him not guilty as charged in the fifteenth count of the indictment."

A similar instruction applicable to the seventeenth count was also offered by the defendant and refused.

We are of the opinion the defendant was not prejudiced by a refusal to give the jury the foregoing instructions, first because it furnishes no defense for an appropriation of the funds of the company without the consent of the directors; second, because the jury was instructed in the language of section 511 of the Penal Code on all the essential elements which were contained in the foregoing refused charge. It will be observed that the jury was instructed in the foregoing charge that if it believed Ranney actually sold preferred stock of the company worth $83,500, for which sale the directors of the company or any of them agreed "that he should receive from the funds of said company a commission of fifteen per cent of the sale price of the stock", and "that the taking of said sum of money *by the defendant* was in part payment of said commission", you should find the defendant not guilty. This language amounts to a mere acknowledgment of a debt due to the defendant as commissions for selling the stock, and a promise that the commissions would be paid by the directors from the funds of the company. It contains no authorization for the defendant to help himself to the company's funds. The defendant would have no lawful right to misappropriate funds of the company which were in his possession to pay an acknowledged debt which was due to him, even if the directors had promised him that *they* would pay him out of that fund. Moreover, there is no evidence to indicate that the directors had any authority to authorize the payment of such commissions from the funds of the company. The stock belonged to private stockholders. The proposed instruction advised the jury that it should acquit the defendant *if any one of the directors* agreed that he should receive his commissions from the funds of the company. The element of good faith on his part in believing he had a right to take the money is not mentioned in the instructions. The uncontradicted evidence is that at least one of the directors did not make any such promise to the defendant. The defendant testified that other directors told him he must appropriate the funds without the knowledge of the director, Henry. A promise of Henry to see that the defendant was paid his commissions from the funds of the company, as suggested by the proposed instruction, would therefore be in direct conflict with the uncontra-

dicted evidence and the admission of the defendant. The instruction was therefore properly refused.

The principle of law contained in the foregoing refused instruction upon which the defendant relies as a defense was given to the jury in the following charge: "If you find from the evidence adduced in this case in support of any count of the indictment now under consideration that the defendant appropriated property owned by The Harris Manufacturing Company, and by said company intrusted to said defendant, and the defendant laid claim to the property so appropriated, such claim of title, if preferred in good faith, is a sufficient defense, even though the claim is untenable, but the appropriation, in order to be a defense, must have been made openly and avowedly."

The jury was here told that if the defendant in good faith openly appropriated money in his possession belonging to the company, with an avowed claim of title thereto, in payment of a promised debt, it would be a good defense to the charge of grand theft. This instruction is in accordance with the provisions of section 511 of the Penal Code, which provides: "Upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable. But this provision does not excuse the unlawful retention of the property of another to offset or pay demands held against him."

This last-quoted instruction was as favorable to the defendant as he was entitled to. The claim of the defendant in the present case that he had a right to pay his own debt out of the funds of the company seems to come directly within the prohibition of the latter portion of the section last quoted. The defendant had money in his possession which he claims belonged to the company, and which he sought to retain to pay a demand for commissions which he asserts were due to him from the company. He had no right to help himself to the funds of the company, even to pay an acknowledged debt. The latter portion of section 511, *supra*, declares that the provision of that section "does not excuse the unlawful retention of the property of another *to offset or pay demands held against him*".

There is a clear distinction between the facts of the present case and those which were involved in the case of

*People* v. *Crane,* 34 Cal. App. 760 [168 Pac. 1055], relied upon by the appellant. In the case last cited the money which the defendant was charged with embezzling was alleged to have been paid to him by the owner for attorney's fees and costs in a divorce suit. If that claim were true, of course, it belonged to the defendant. The issue in that case was the purpose for which the money was paid to the defendant. Under such circumstances, of course, it would be error to refuse to instruct the jury that if the money was paid to the defendant to cover his attorney's fees and costs, he would not be guilty of embezzlement.

In the present case no such claim is made. In this case the money reached the hands of the defendant to be used for the benefit of the company pursuant to its directions. According to the language of the instructions complained of, the defendant appropriated the money belonging to the company, to satisfy his own claim, merely because certain directors told him they would pay the debt from the funds of the company. The case of *People* v. *Crane, supra,* and other similar cases relied upon by appellant, are not authority in support of defendant's claim of error in giving or refusing instructions in the present case. There was no prejudicial error in giving or refusing instructions in this case. Nor does there appear to have been a miscarriage of justice.

The judgment and the orders are affirmed.

Preston, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 25, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 9, 1932.