[Crim. No. 83. Fourth Appellate District.—June 24, 1933.]

THE PEOPLE, Respondent, v. ROLF VON ECKARTS-
BERG, Appellant.

(1)

Stanley Visel for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant was charged by an information filed in the Superior Court of Orange County with the crime of manslaughter in that on or about October 21, 1932, he did wilfully, unlawfully and feloniously, while in the commission of an unlawful act, not amounting to a felony, kill three designated human beings. Upon arraignment, the defendant entered a plea of not guilty and was tried before a jury which returned a verdict convicting him of the offense specified in the information. Thereafter, he presented to the court a motion for a new trial which motion was by the court denied. He thereupon made application to the court to be placed on probation, which application was granted upon conditions specified in the court's order granting the application. Defendant then perfected this appeal from the order of the trial court denying his motion for a new trial. The notice of appeal states that the appeal is taken from the court's order denying defendant's motion for a new trial and "from the judgment rendered in this cause on the 20th day of January, 1933". The attempted appeal from a judgment rendered herein is entirely ineffective for the simple reason that no judgment was rendered. On January 20, 1933, the court made an order which is entitled "Probation Order" by which it granted the defendant's application for probation upon certain specified conditions. Presumably, the notice of appeal, so far as it mentions a judgment, refers to the aforesaid order. However, defendant waived pronouncement of judgment by making application for probation (*People* v. *De Voe*, 123 Cal. App. 233 [11 Pac. (2d) 26]). The order granting probation was not, therefore, an order made after judg-

ment and for this reason it is not an appealable order (*People* v. *Patello,* 125 Cal. App. 480 [13 Pac. (2d) 1068]; *People* v. *Noone,* 132 Cal. App. 89 [22 Pac. (2d) 284]). The appeal from the court's order denying the motion for a new trial is, however, entitled to consideration since section 1237 of the Penal Code specifically permits an appeal from such an order. In considering the appeal from the court's order denying a new trial, a brief statement of the facts disclosed by the record will be conducive to a clearer understanding of the matters here presented.

The death of the three persons named in the information was caused by a collision between two automobiles which occurred at about 7:45 P. M. of October 21, 1932, on North Main Street in the city of Santa Ana, California. North Main Street at the point where the collision occurred is a paved street which is approximately 56 feet in width. It is divided into four traffic lanes, each of which is 10 feet wide, and two parking lanes, each of which is 8 feet wide. The lanes into which the street was divided were separated by black colored lines. The line which marked the center of the street was somewhat heavier than the other lines. The street extends in a general northerly and southerly direction. The two automobiles which were involved in the collision were a Ford coupe and a Packard coupe. The former was being driven by Edwin Johnson and the latter by the defendant. Seated with Johnson on the front seat of the Ford was Dorothy Hill and in the rumble seat of the car two young men were seated. The defendant and two other men occupied the same seat in the inclosed part of the Packard automobile. The weight of the Packard was approximately 5,800 pounds and that of the Ford approximately 2,500 pounds.

The Ford was proceeding in a southerly direction and immediately prior to the collision it was being operated in the traffic lane immediately west of the center line of the street. It was moving at a speed of approximately 30 to 35 miles per hour. The Packard automobile was proceeding in a northerly direction at a speed between 35 and 45 miles per hour and in the traffic lane immediately east of the center line of the street. The legal speed limit at the place where the accident occurred was 45 miles per hour. The evidence indicated that the left front part of the Packard

collided with the left front part of the Ford. The Ford automobile was turned over by the impact of the collision and lay on its side in the second traffic lane west of the center line of the street. It pointed in a general southeasterly direction. The Packard automobile was pointed in a northerly direction. Its right rear wheel rested about 18 inches east of the center line of the street. With the exception of the right rear wheel the Packard automobile was almost entirely to the west of the center line of the street. Oil, broken glass and other debris were discovered in the street after the collision. The greater part of the oil, glass and debris was west of the center line of the street. The distance between the front parts of the two automobiles after they came to rest following the collision was approximately 8 feet.

Appellant advances two contentions upon this appeal from the court's order denying his motion for a new trial. These contentions are, first, that the verdict is not supported by the evidence produced at the trial, and second, that the court misdirected the jury as to the law.

■ With respect to the first contention it is pointed out that there was no direct evidence tending to prove that appellant had committed an unlawful act. Careful consideration of the evidence indicates that there were three possible violations of traffic laws which appellant may have committed. These are, driving at a rate of speed in excess of that permitted by law, reckless driving and driving on the wrong side of the street. It must be conceded that if the record contains any evidence tending to show that appellant was guilty of any one of the aforesaid violations of law this court may not declare that the trial court abused its discretion in refusing a new trial.

Without considering whether the record contains any evidence tending to show that appellant operated his automobile at an excessive rate of speed or that he was guilty of reckless driving, we entertain the opinion that there was circumstantial evidence which tended to show that at the time the collision occurred appellant was operating the Packard automobile on the west side—his wrong side—of the street. The two circumstances which point strongly to this conclusion are first, the position of the two automobiles after the occurrence of the collision, and second, the location of

the oil, shattered glass and other debris in the street. No useful purpose could be subserved by indulging in a prolonged analysis of the evidence by which these two circumstances were unmistakably developed. Perhaps even less benefit would be derived by a discussion of the value and weight of circumstantial evidence. Its limitations and its value are well recognized. We cannot say that we are impelled to declare that the court erred in refusing to appellant a new trial because a necessary element of the offense with which he was charged rested entirely upon circumstantial evidence.

Appellant's second contention which is that the court misdirected the jury merits consideration. It may be conceded that one or two of the instructions of which he complains should not have been given. An example of this character of instruction is afforded by the instruction wherein the court advised the jury that it took judicial notice of the fact that on the day on which the accident occurred the sun set at 5:20 P. M. This instruction was undoubtedly superfluous. Nevertheless, appellant has entirely failed to indicate that he was in the slightest degree prejudiced by the giving of it. Therefore, if it may be said that the court erred in giving the instruction, it was obviously harmless. Complaint is voiced that the court read to the jury the whole of section 123 of the California Vehicle Act, one subdivision of which prohibits, with certain specified exceptions, the operation of a motor vehicle in the center lane of a highway divided into three lanes. It is pointed out that the street on which the collision herein involved occurred was divided into six lanes and it is declared that the reading of that portion of the aforesaid section was therefore misleading. When, however, the whole instruction is examined, it is at once apparent that no one could have been misled by the inapplicability of that part of the aforesaid section which refers to highways divided into three lanes. Several instructions were given by the court dealing generally with the question of speed. It is urged that the giving of such instructions constituted prejudicial error since no witness testified that appellant drove his automobile at a rate of speed in excess of that permitted by law which was 45 miles per hour. It may be conceded that no evidence showing that appellant operated

his automobile at a greater rate of speed than the legal speed limit was presented during the trial. However, the fact that appellant at the time of the collision was operating his automobile within the legal speed limit is not conclusive of the question. Circumstances sometimes make even a legal speed limit excessive. When it is remembered that appellant, immediately prior to the collision was driving his automobile very near the center of the street at a speed which one witness testified was as fast as 45 miles per hour when he must have observed that another automobile was approaching him which was being driven to the west of, but also very near to, the center line of the street, we think that it may not fairly be declared that the question of speed is entirely out of the case. Although the instructions relative to speed were unduly repetitious, we find ourselves unable to declare, first, that no instruction relating to the subject should have been given and second, that appellant was prejudiced by the instructions which were given.

■ Certain instructions were given which advised the jury that contributory negligence on the part of another person would not serve as a defense to appellant if the evidence showed that the injurious consequences of the collision were directly traceable to a violation of law by him which did not amount to a felony or that they were caused by his negligent, wilful, reckless and wanton misconduct. These instructions are criticised because it is said that thereby they injected into the case an entirely new theory totally lacking in evidentiary support. It may again be conceded that the court's instructions relative to contributory negligence were unnecessarily repetitious. Nevertheless, we cannot agree that the giving of them constituted so serious an error of law that we must declare that by reason thereof the court abused its discretion in denying appellant's motion for a new trial. There was evidence from which the jury might have inferred that the driver of the Ford automobile was negligent. It was not, therefore, error for the court to advise the jury that contributory negligence is not a defense in a proceeding of this character if the evidence showed that the injurious consequences of the collision were directly traceable to and caused by appellant's violation of law or by his reckless and wanton misconduct. ■ Appellant further complains of the following instruction: "I have indi-

cated that unless defendant acted 'knowingly' and 'wilfully' he is not guilty as charged, and in this connection it is to be noted that the defendant may urge that although he may have been guilty of a technical violation of the law, he was innocent of any guilty purpose in connection therewith.''

It is urged that this instruction is fatally defective in that it presumes an admission of guilt by appellant and an attempt to excuse his guilt by a plea of lack of intent to violate the law. It is confidently asserted that no admission by appellant of even a technical violation of law was ever made or considered. It must, however, be observed that appellant testified that just prior to the collision someone in the automobile pushed his arm and that the crash occurred immediately thereafter; that he was rendered unconscious and remembered nothing further. He also testified on cross-examination that the three automobiles which he observed approaching him from the north ''were on the other side of the road'' and more particularly that the automobile with which he collided was on its right side of the street and that he could not state whether or not the Packard automobile swerved after his arm was pushed. The striking or pushing of appellant's arm by some other passenger in the Packard automobile was mentioned in the testimony of one other witness. We entertain the opinion that the aforementioned evidence justified the giving of the instruction under discussion.

With respect to the various instructions criticised by appellant, it may properly be observed that an examination of the entire record has produced the conviction that no miscarriage of justice resulted from the giving of them.

The order denying appellant's motion for a new trial is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.