[Crim. No. 1869.    First Appellate District, Division Two.—February 4, 1936.]

## THE PEOPLE, Respondent, v. MARSHALL W. WOODSON, Appellant.

Thomas T. Califro and H. L. McAllister for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was convicted of the crime of grand theft. He has appealed from the judgment of conviction and the order denying a new trial.

Appellant seeks a reversal upon the grounds that there was a material variance between pleading and proof; that the trial court erred in admitting evidence of a different offense; that the evidence is insufficient to sustain the conviction on the offense charged; that the trial court misdirected the jury and erred in refusing certain instructions offered by appellant.

Appellant did not take the stand at the trial and the evidence is uncontradicted on all material points. The indictment charged the unlawful taking of money. Appellant concedes the sufficiency of the evidence to show "a theft of a pass-book from Orlando Upton". This being true, we need not set forth the false pretenses employed.

Turning to the indictment, we find that it charged that on a certain date appellant "unlawfully took the property of another, to-wit: Pacific States Savings and Loan Co., a corporation, who was then and there acting as clerk, agent and servant for one Orlando Upton, consisting of money in the sum and amount and of the value of Two Thousand two hundred and eighty two ($2282.00) dollars in lawful money of the United States of America".

The evidence showed that Orlando Upton had on deposit with the Pacific States Savings and Loan Company the sum of $2,282 and that said deposit was evidenced by a pass-book. At the time in question, that corporation was not paying out any part of the principal on any of its deposits. Said corporation had an auxiliary or subsidiary corporation known as Pacific States Auxiliary Corporation. The stock of both corporations was owned by a holding company. The two corporations occupied the same offices and had interlocking directors and officers. The auxiliary corporation was at that time taking assignments from depositors of the building and loan company and was paying said depositors 50 cents on the dollar for such assignments. The assigned accounts were then transferred to the auxiliary corporation on the books of the building and loan company.

Appellant knew these facts and, by means of false pretenses, induced Orlando Upton to execute and deliver to appellant an assignment to the auxiliary corporation of Orlando Upton's pass-book in the building and loan company. The auxiliary corporation thereupon issued its check to Orlando Upton for the sum of $1142.03. Appellant obtained Orlando Upton's endorsement on said check and thereafter obtained the proceeds thereof.

Upon the foregoing state of facts, we find no material variance between the pleading and proof. The indictment was not a model pleading and perhaps there was a variance but the question remains as to whether such variance was material. That this is the real question is shown by one of

the authorities cited by appellant. (*People* v. *Freeman*, 29 Cal. App. 543 [156 Pac. 994].) It is there said at page 544 that the test is, "Does the indictment so far fully and correctly inform the defendant of the criminal act with which he is charged, that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense?" We believe that the indictment here sufficiently informed appellant of the criminal act with which he was charged, that he was not misled in making his defense or placed in danger of being twice put in jeopardy for the same offense. In *People* v. *Leavens*, 12 Cal. App. 178, it is said at page 185 [106 Pac. 1103], "There may be a difference between getting money directly by handing the coin over in hand and giving a request in writing to a third party who complies with the request and hands it over, but the effect is the same, and the distinction is highly technical. An appeal that depends on such question for reversal is devoid of merit." (See, also, *People* v. *Fewkes*, 214 Cal. 142 [4 Pac. (2d) 538]; *People* v. *Whalen*, 154 Cal. 472 [98 Pac. 194]; *People* v. *Murakami*, 122 Cal. App. 221 [9 Pac. (2d) 583].) Appellant cites and relies upon *People* v. *Meservos*, 16 Cal. App. 277 [116 Pac. 679], but that case is clearly distinguishable. It involved a question of venue in a prosecution for embezzlement. The prosecuting witness had given defendant two checks in Alameda County for the purpose of having them cashed. Defendant disposed of the checks in San Francisco and there appropriated the proceeds to his own use. He remained in San Francisco until arrested and returned to Alameda County. He was charged with embezzlement of money in Alameda County and was tried and convicted there. The judgment was reversed upon the ground that venue must be proved as charged and that there was no proof of embezzlement of money in Alameda County. The court there distinguished the authorities above cited.

Appellant's contention that the court erred in admitting evidence of a different offense and his contention that the evidence is insufficient to sustain the conviction of the offense charged are so closely related to the point considered above that we need not further discuss them. The claim that the court misdirected the jury and erred in refusing certain instructions might have merit if appellant's claims of mate-

rial variance could be sustained. But having concluded that there was no material variance, and it appearing that appellant's guilt was clearly established by the uncontradicted evidence, we find no prejudicial error in the charge to the jury nor in the trial court's rejection of appellant's proposed instructions.

The judgment and order denying a new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.