[Crim. No. 3338.   Second Appellate District, Division Two.—June 26, 1940.]

THE PEOPLE, Respondent, v. JOHN A. GIBBONS, Appellant.

Donald MacKay for Appellant.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

WOOD, J.—Defendant was charged by information with the crime of violating subdivision 2 of section 337a of the Penal Code in that he kept and occupied a room with paraphernalia for the purpose of recording and registering wagers on horse races. At the trial before the court without a jury he was found guilty and now prosecutes this appeal from the order denying his motion for a new trial.

Defendant contends that the evidence is insufficient to sustain the conviction. Police Officer Newton testified that he went to the building at 716 West Third Street in Los Angeles in the front part of which was a cigar store, the rear part being a large vacant room. Defendant was seen by the officer with his back toward him at a counter with a telephone receiver in his hand. Defendant was telephoning and the officer heard him say, ''Two dollars win, High End, seventh race at Rockingham'', whereupon he referred to a sheet described by the officer as a sheet used for overnight entries, a sheet which gives the numbers assigned to horses in the races for the day. The officer then heard the defendant say, ''No. 141, Two dollars win, Abbot's Hour, same race''. Defendant checked the sheet and said, ''Horse 138''. As defendant referred to these numbers he wrote the number 141; after he repeated, ''High End'' he wrote the number 2. The officer saw him write 138 and 2 and overheard him say, ''Two dollars, win, on Rythehley''. He referred to the sheet and wrote 137 and 2. The officer examined the sheet and found the numbers 141, 138 and 137 upon it with the names above mentioned. Officer Newton then reached over and took the receiver from the hand of defendant and heard a voice on the telephone say, ''Golden Mesh, fifth at Hawthorne, to win and Busse Trumpet, fifth at Hawthorne to win''. The party at the other end of the receiver then said, ''O. K. Jack'' and hung up. The officer testified that he checked the names and numbers of the horses and found that Golden Mesh was the name of a horse in the fifth race at Hawthorne, Illinois, and that Busse Trumpet was the name of a horse running in the same race at the same place. In defendant's trousers pocket Officer Newton found A. B. C. markers which, according to his testimony, are used to record the names of race horses and data concerning wagers made on races. The name ''Jack''

appeared at the top of the markers. A pad used in recording wagers and a run-down sheet were found on the counter.

Upon his arrest defendant was searched and a key was found in his possession which turned the lock of the front door of the premises. Concerning a conversation with defendants, Officer Newton testified: "I asked him whose place it was and he said it was his, but he didn't work there—the fellow that was running the place went out to eat lunch. And I said, 'Well, you are Jack, aren't you?' he said, 'Yes.' And I said, 'Well, that is what this fellow said over the telephone.' And about that time the telephone rang and asked for 'Jack'. . . . So after I had the telephone conversation, he started saying to give him a break—that he was on probation now and he would have to go back to jail if we took him in; that he would close the place up and leave Third street and never be seen again."

We are satisfied that the evidence is sufficient to sustain the conviction.

Defendant claims that the *corpus delicti* was not established and that the trial court erred in admitting testimony concerning the conversation between Officer Newton and defendant. There is no merit in this contention. The evidence is sufficient to establish that the premises in question were occupied for the purpose of registering wagers on horse races. Moreover, it was not necessary for the prosecution to prove the *corpus delicti* beyond a reasonable doubt before receiving evidence of admissions or confessions. A *prima facie* showing only was necessary. (*People* v. *Tuttle,* 27 Cal. App. (2d) 647 [81 Pac. (2d) 571]; *People* v. *Black,* 111 Cal. App. 90 [295 Pac. 87].)

A purported appeal from the "judgment" appears in the record. Since defendant was placed on probation without the rendition of a judgment such appeal must be dismissed and it is so ordered. The order denying the motion for a new trial is affirmed.

Moore, P. J., and McComb, J., concurred.