[Crim. No. 4438.   In Bank.   May 3, 1943.]

THE PEOPLE, Respondent, v. PAUL GUERRERO, Appellant.

J. Bruce Fratis for Appellant.

Earl Warren, Attorney General, and Ward Sullivan and David K. Lener, Deputies Attorney General, for Respondent.

CURTIS, J.—In an information filed by the district attorney of Monterey County the defendant Paul Guerrero, with six co-defendants, was charged in separate counts with (1) kidnapping; (2) assault with intent to commit rape; (3) conspiracy to commit rape; and (4) rape. Upon the trial the jury as part of its verdict found the defendant Guerrero not guilty on counts one, two and four, but guilty on count three, the conspiracy charge. It is not important here to distinguish the other defendants with reference to the verdict returned on the respective designated charges at the conclusion of the joint trial, and it will suffice to note generally that, as to those defendants, the jury found all not guilty on count one, four guilty on count two, all guilty on count three, and three guilty on count four. Motions in arrest of judgment, for dismissal of the information and for a new trial were presented by defendant Guerrero and denied. Judgment was suspended as to this defendant on his conviction under count three, and he was granted probation for the term of five years. Defendant Guerrero gave notice of appeal from the judgment and also from the order denying his motion for a new trial.

Preliminarily it should be observed that since defendant Guerrero was ordered on probation by suspending the imposition of sentence, no final judgment of conviction was rendered against him, and his purported appeal from the "judgment" must be dismissed. (*People* v. *Gibbons*, 39 Cal. App.2d 671, 673 [103 P.2d 1005] ; *People* v. *Johnson*, 14 Cal. App.2d 373, 375 [58 P.2d 211] ; *People* v. *Von Eckartsberg*, 133 Cal.App. 1, 3 [23 P.2d 819] ; *People* v. *Noone*, 132 Cal.

App. 89, 92 [22 P.2d 284] ; 8 Cal.Jur. 493.) ██ However, his appeal from the court's order denying his motion for a new trial is entitled to consideration, for section 1237 of the Penal Code specifically permits an appeal from such an order. While in this connection it must be said that the record herein is subject to criticism because of its failure to refer with particularity to the grounds of the motion provoking the order now presented for review, this deficiency will be overlooked in view of the following pertinent facts appearing in the clerk's transcript: The motions in arrest of judgment, for dismissal of the information, and for a new trial as made by defendant Guerrero after the jury's verdict of conviction against him on count three, as above noted, were argued before the trial court at the same time; the motion for dismissal was based on definitely stated grounds and was supported by an elaborate memorandum of points and authorities; the court took all three motions under submission at the same hearing and thereafter made simultaneous rulings thereon contrary to defendant Guerrero's single line of argument, which incidentally constitutes the lone premise of the present appeal. From such condition of the record the precise basis of the trial court's order denying the motion for a new trial may be inferred with sufficient certainty to permit this court's consideration of the authorized appeal as here taken. This conclusion is in harmony with the settled practice of the appellate courts to dispose of an appeal on its merits where possible, rather than to dismiss it for some technical defect. Accordingly, the following review of the controversial matter presented by the briefs on file herein is undertaken.

██ The single point urged as a ground for reversal is the proposition that the overt acts averred in the conspiracy count are identical with the conduct alleged to constitute kidnapping, so that the acquittal on the latter charge rendered legally impossible a conviction on the former.

Admittedly, the separate charges relate to the same state of facts or transaction—the defendants' meeting with the prosecutrix late at night on a street in the city of Salinas and their taking her in a truck several miles into the country, where the attack was made. The only material dispute in the evidence is whether the prosecutrix voluntarily accompanied the defendants, as they testified, or whether she was taken forcibly and against her will, as she claimed. The jury apparently elected to accredit the defendants' account

and for that reason found them not guilty of the kidnapping charge specified in the information, reciting that "said defendants . . . and each of them . . . did wilfully, unlawfully, and feloniously *forcibly* steal, take, and arrest [the prosecutrix] . . . and did carry said [woman] into another part of said county, for the purpose and with the intent to employ said [woman] for his own use and for the use of each of the other defendants named." (Italics ours.) There is no conflict in the evidence as to the fact that a forceful and mass assault was committed on the prosecutrix without her consent, that the appellant knew that such was the purpose of his co-defendants, and that he aided them in the accomplishment of this object.

After charging the defendants with the formation of the conspiracy to commit the crime of rape, the information delineated two overt acts in the following language: (1) "That in pursuance of said conspiracy and to effect the object of the same, the said defendants [Guerrero and two others] . . . *by means of force and violence, compelled* [the prosecutrix] . . . *against her will,* to accompany them, . . . to a park . . . in the city of Salinas, . . .;" (2) "That in pursuance of said conspiracy and to effect the object of the same, the said defendants [Guerrero and five others] . . . *by means of force and violence, compelled* said [woman] . . . *against her will,* to accompany them . . . from the city of Salinas to a point in said county of Monterey outside of the incorporated limits of said city of Salinas." (Italics ours.) While the element of force, advanced by the italicized language as a factor accompanying the defendants' taking of the prosecutrix from one place to another in furtherance of the unlawful object of the conspiracy, was not established to the satisfaction of the jury in view of the acquittal on the kidnapping charge, such variance between the pleading and proof will not invalidate the conviction on the conspiracy count. The *taking* of the prosecutrix to the specified places constituted the gist of the overt acts relied upon as evidencing the defendants' formation of the conspiracy, and the presence or absence of compulsion in effecting such removal added nothing to the sufficiency of that accusation. The absence of proof on an immaterial portion of a recitation of facts will not vitiate the verdict. (31 C.J., p. 840, § 451; 14 Cal.Jur., pp. 95-96, § 72; *People* v. *Handley,* 100 Cal. 370 [34 P. 853]; *People* v. *Stevens,* 78 Cal.App. 395 [248 P. 696]; *People* v.

*Mizer,* 37 Cal.App.2d 148 [99 P.2d 333].) ■ The test of the materiality of variance in an information is whether the pleading so fully and correctly informs a defendant of the offense with which he is charged that, taking into account the proof which is introduced against him, he is not misled in making his defense. (*People* v. *Freeman,* 29 Cal.App. 543 [156 P. 994]; *People* v. *Jacobs,* 11 Cal.App.2d 1 [52 P.2d 945]; *People* v. *Woodson,* 11 Cal.App.2d 604 [54 P.2d 33].) ■ When this test is applied to the situation which is here presented, the immateriality of the variance is immediately apparent. Appellant and his co-defendants testified at length on the manner and character of the prosecutrix' removal to the places designated in the information, and all maintained that she accompanied them freely and voluntarily. In this condition of the record, attesting the commission of the specified "acts of taking" though without force in acceptance of defendants' version of the affair, it cannot be said that appellant was misled or prejudiced by the averment of the unessential element of compulsion in connection with the issue of performance incident to the conspiracy charge, nor that the conviction on that count is lacking in evidentiary support.

■ In his argument as to the effect of an inconsistency in the verdict, the appellant relies principally on two cases: *Oliver* v. *Superior Court,* 92 Cal.App. 94 [267 P. 764], and *In re Johnston,* 3 Cal.2d 32 [43 P.2d 541]. Neither is in point under the facts here involved. In *Oliver* v. *Superior Court, supra,* the distinctive issue is stated at pages 96-97: "It is important to note the fact . . . that *the only overt acts alleged* in count 34 [conspiracy] are the *specific crimes* charged in the other [33] counts; the sole overt acts averred were *'larceny and embezzlement.'* The situation is *clearly different* from that which would have been presented had the conspiracy charge contained allegations of a number of overt acts which, taken together, would constitute grand larceny or embezzlement. *Had the indictment been so drafted it could not be said that an acquittal of grand larceny or embezzlement would necessarily have been a determination that no criminal conspiracy pertaining to the same transactions had occurred.* But here the conclusion cannot be escaped that since each crime, considered and described collectively as a *single entity,* is alleged to be an overt act, and as the jury fully acquitted these petitioners of each overt act thus alleged,

the portion of the count charging conspiracy remaining unadjudicated is insufficient to constitute criminal conspiracy.'' (Italics ours.) This quotation plainly shows that the premise of the decision as expressed in the opinion is that the alleged overt act and the substantive crime alleged were the *same inseparable act, "a single entity."*

Predicated upon the doctrine of the Oliver case and involving a like factual situation is *In re Johnston, supra,* where the defendants were charged with thirteen counts of violating the Corporate Securities Act and one count of conspiracy to violate said act, the sole overt acts alleged being ''identical with and mere repetition of the crimes charged in the preceding [13] counts.'' The jury acquitted the defendants of all thirteen counts of violation, but found them guilty of conspiracy. In concluding that the conviction could not be sustained because the jury, having found the defendants not guilty of the overt acts, had virtually acquitted them of the conspiracy, the court precisely stated the controlling principle at pages 35-36 as follows: ''We are in accord with the reasoning of the Oliver case and, to show how closely the cases follow each other, we direct attention to the fact that the petitioners here were charged in count 1 with the commission of 'an overt act done in furtherance of the conspiracy and to carry out the same' in that they 'did wilfully, unlawfully, feloniously and knowingly, on or about the ninth day of August, 1930, issue and sell and cause to be issued and sold shares of capital stock.' *This language follows the exact language of the remaining counts charging the specific crime of violation of the Corporate Securities Act.* Hence it cannot be said that an element is contained in the overt act which is not also contained in the specific charge, nor *vice versa. They are to all intents and purposes identical.''* (Italics ours.) Thus is established the principle that ''it is only when the substantive offense charged is alleged as a *single entity* to be the only overt act in furtherance of the conspiracy that an acquittal of the substantive offense operates as an acquittal of the conspiracy charge based solely thereon.'' (Italics ours.) (*People* v. *Gilbert,* 26 Cal.App.2d 1, 22 [78 P.2d 770] ; *People* v. *Yant,* 26 Cal.App.2d 725, 731 [80 P.2d 506].)

The present situation does not concern the consideration of separate counts charging identical offenses, but, as indicated by the above quotations from the respective charges in the information here under discussion, two distinct crimes are pleaded and different elements are involved in each. The

kidnapping charge follows the wording of the statute (Pen. Code, § 207), wherein the presence of some form of compulsion is identified as the gravamen of the offense. The conspiracy count is an independent accusation (Pen. Code, §§ 182, 184), based upon the criminality attaching to an unlawful agreement manifested by the performance of some act in execution of the joint design. (*People* v. *George,* 74 Cal. App. 440 [241 P. 97].) While the overt acts detailed in the conspiracy count relate to the alleged forceful removal of the prosecutrix from one place to another, upon which course of conduct the kidnapping charge is predicated, significantly the acts are not delineated "in the exact language" of the count charging the specific crime of kidnapping, nor is the latter offense mentioned as "a single entity" in such recital. In other words, it is at once apparent that the overt acts in no way set forth or attempted to set forth the substantive offense of kidnapping, but that they merely purported to show that the defendants' taking of the prosecutrix into the country was for the purpose of enabling the entire group to accomplish their purpose of a combined assault. The factor of force, vital to the proof of the kidnapping charge, contributed nothing to the adequacy of the conspiracy accusation, but simply colored the averment of the overt acts, and accordingly in that connection, constituted mere superfluous recital under the rule of law stated in the forepart of this discussion. From the fact of appellant's acquittal upon the kidnapping charge of the information containing alternative counts, it does not follow that the jury found all of the elements essential to the statement of that offense absent, but merely that they found absent elements distinguishing it from the conspiracy offense alleged in an independent count. (*People* v. *Day,* 199 Cal. 78 [248 P. 250] ; *People* v. *Cordish,* 110 Cal.App. 486 [294 P. 456].) The same principle is forcefully expressed in *People* v. *Hickman,* 31 Cal.App.2d 4, 11 [87 P.2d 80], as follows: "When the defendant is convicted of one and acquitted upon another count, the test is whether or not the essential elements in the count wherein the defendant was acquitted are identical and necessary to proof of conviction on the guilty count." In the light of these observations, there is clearly no inconsistency or repugnancy in the jury's conclusions in the present case. While the acquittal in the kidnapping count negatived the jury's finding of force in connection with the defendants' taking of the prosecutrix

to the places mentioned in the information, such determination did not preclude the jury's acceptance of the ample evidence substantiating the fact of the prosecutrix' removal in furtherance of the unlawful design, as proof of the overt acts in essence as recited in the conspiracy count. In these circumstances it is plain that the conviction on the conspiracy charge is in accord with the record showing in the matter and consequently will not be disturbed on appeal.

Moreover, in contemplation of just such situation as is here presented, section 954 of the Penal Code, as amended in 1927, provides that an information may charge two or more different offenses connected together in their commission, and that a verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count. (*People v. Ranney*, 123 Cal.App. 403 [11 P.2d 405] ; *People v. Derenzo*, 46 Cal.App.2d 411 [115 P.2d 858].) The scope and force of this code provision in answer to claims of inconsistency in a jury's verdict have been the subject of recent discussion by this court in the cases of *People v. Amick*, 20 Cal.2d 247 [125 P.2d 25], and *People v. Kearney*, 20 Cal.2d 435 [126 P.2d 612], and the point of application requires no additional treatment here.

The appeal from the judgment is dismissed and the order denying a new trial is affirmed.

Gibson, C. J., Shenk, J., Carter, J., and Traynor, J., concurred.

EDMONDS, J., Dissenting.—I do not join in the decision affirming the order appealed from for the reason that the record does not show the grounds upon which the appellant moved the trial court to grant a new trial. For almost fifty years the appellate courts have consistently followed the rule that an order denying a new trial cannot be reviewed unless the record upon appeal not only shows that such a motion was made but also the grounds upon which it was based. (*People v. Johnston*, 37 Cal.App.2d 606 [100 P.2d 307]; *People v. McCoy*, 71 Cal. 395 [12 P. 272].) This rule, in my opinion, requires a dismissal of the appeal.