[Crim. No. 2253.   First Dist., Div. Two.   June 21, 1943.]

THE PEOPLE, Respondent, v. CLYDE HARTSHORN, Appellant.

George L. Lang and Charles N. Douglas for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The defendant was tried by a jury upon an information framed in three separate counts charging a violation of sections 220 and 288 of the Penal Code, and section 702 of the Welfare and Institutions Code. He was convicted on count one, acquitted on count three, and acquitted under special instructions on count two. A motion for probation was granted on condition that he serve six months in the county jail and pay a fine of $250. He appeals from the judgment and the order denying his motion for a new trial.

■ As no sentence was imposed upon the verdict there is no judgment to appeal from, and hence the attempted appeal from the judgment must be dismissed. (*In re Phillips*, 17 Cal.2d 55, 58 [109 P.2d 344]; *People* v. *Guerrero*, 22 Cal. 2d 183, 184 [137 P.2d 21].)

Treating the arguments made in appellant's brief as addressed to the appeal from the order denying a new trial, we find two points raised—that the acquittal upon counts two and three is inconsistent with the verdict of conviction on count one, and hence the latter is void; that the trial court committed error in the course of the instruction relating to count two.

The facts as testified to by the prosecutrix and other witnesses are: Defendant and his wife left their house early in the evening to attend a party and engaged the prosecutrix, a girl of 13 years, to stay with their two infant children. Defendant left his wife at the party and returned to his home at about 4:00 a. m. He entered the bedroom where the prosecutrix was sleeping with the two children, removed his clothes, and got into bed with her. He removed some of her clothing and endeavored to quiet her by placing his hand upon her throat. The screams of the girl attracted the attention of neighbors whose bedroom windows overlooked, and were in close proximity to, the room in which the defendant and the girl were struggling. One of these neighbors rapped on the window pane; called to the defendant to desist; and then summoned the police. The defendant then put in his own call for the police; donned his clothes and was at his doorstep to greet the officers when they arrived. This testimony was

met by direct denials of the defendant, but the jury was privileged to accept the story of the prosecutrix and no contention is now made that the evidence was insufficient to support the verdict on count one.

The argument that the verdict is inconsistent is not sound. Count one charging a violation of section 220 of the Penal Code relates to an assault with intent to commit rape. Count two covering section 288 relates to lewd and lascivious conduct upon the body of a child. Count three, covering section 702 of the Welfare and Institutions Code relates to conduct tending to cause a minor to lead an idle, dissolute, lewd or immoral life. It is, of course, conceivable that an assault with intent to commit rape might be completed without any actual contact with the body of the girl, and without any of the other acts denounced in the two other statutes. Section 954 of the Penal Code permits the joinder in separate counts of charges of two or more "different offenses" connected in their commission, and of two or more "different offenses" of the same class. In 1927 there was added to the section the proviso that "a verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count." It would have been difficult to find plainer language, but cases have been cited which discuss at length the effect of an acquittal when the two verdicts are "inconsistent." However, since this amendment *People* v. *Ranney*, 123 Cal. App. 403, 407 [11 P.2d 405]; *People* v. *Derenzo*, 46 Cal.App. 2d 411, 415 [115 P.2d 858]; *People* v. *Amick*, 20 Cal.2d 247, 251 [125 P.2d 25]; *People* v. *Kearney*, 20 Cal.2d 435, 439, [126 P.2d 612], and *People* v. *Guerrero*, 22 Cal.2d 183, 190 [137 P.2d 21] have all followed the clear intent of the amendment and have refused to follow the earlier cases to the contrary. The clearest statement of the reason for the courts to adhere to the terms of the amendment is found in *People* v. *Ranney*, *supra*, where Justice Thompson stated: "This language clearly means that each count in an indictment or information, which charges a separate and distinct offense must stand upon its own merit, and that a verdict of either conviction or acquittal upon one such charge has no effect or bearing upon other separate counts which are contained therein. . . . There are no authorities to the contrary in other jurisdictions where a statute exists similar to the California law above quoted."

■ The second ground urged for a reversal has less merit. In advising the jury that it should acquit appellant on the second count because the evidence was insufficient the trial court inadvertently used the word "necessarily" so that the instruction read in part: "Now, the defendant is necessarily charged with a violation of Section 288 of the Penal Code, but, ladies and gentlemen, with reference to that, I have ruled as a matter of law that no evidence has been introduced in the case tending to prove the commission of any acts which would tend to constitute a violation of Section 288 of the Penal Code." This was followed immediately with the statement reading: ". . . but I do not wish you to assume that I either directly or indirectly state or infer that you should find the defendant guilty of *either of the two* remaining counts in the complaint. . . ." We do not know what the trial judge meant in the use of the word "necessarily." It is probable that he intended to say "usually" or "ordinarily" because we know from the many cases of this character appearing in the reports that a defendant is usually charged under section 288 in a count separate from the charge of the greater offense. We do know, however, that if any error was committed in this instruction it was prejudicial to the State, and not to the appellant, because the evidence would have warranted a conviction upon that count. The trial court seems to have taken the view that it was necessary to prove that appellant laid hands upon a particular part of the body of the girl, but the code section does not justify that interpretation. This is the rule of *People* v. *Lanham,* 137 Cal.App. 737, 740 [31 P.2d 410]; and we have found no authority to the contrary.

The appeal from the judgment is dismissed. The order denying the motion for a new trial is affirmed.

Spence, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied July 6, 1943, and appellant's petition for a hearing by the Supreme Court was denied July 19, 1943.