Filed 2/6/15  P. v. Conrad CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RONNIE YEARNELL CONRAD,<br><br>    Defendant and Respondent. | B256866<br><br>(Los Angeles County<br>Super. Ct. No. VA128106) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Higa, Judge.  Reversed and remanded.

Jackie Lacey, District Attorney, Phyllis C. Asayama and John Harlan II, Deputy District Attorneys, for Plaintiff and Appellant.

H. Russell Halpern for Defendant and Respondent.

## I. INTRODUCTION

A jury convicted defendant, Ronnie Yearnell Conrad, of seven felonies: mayhem (Pen. Code,[1] § 203) (count 1); corporal injury to a cohabitant (§ 273.5, subd. (a)) (count 2); methamphetamine possession for sale (Health & Saf. Code, § 11378) (count 3); cocaine base possession for sale (Health & Saf. Code, § 11351.5) (count 4); torture (§ 206) (count 6); firearm possession by felon (§ 29800, subd. (a)(1)) (count 7); and ammunition possession (§ 30305, subd. (a)(1)) (count 8). The jury further found defendant: personally used a deadly or dangerous weapon, a clothing iron (§ 12022, subd. (b)(1)) (counts 1, 2, 6); personally used a firearm (§ 12022.5, subd. (a)) (count 2); personally inflicted great bodily injury under circumstances involving domestic violence (§ 12022.7, subd. (e)) (count 2); was personally armed with a firearm (§ 12022, subd. (c)) (counts 3, 4); and personally used a firearm (§ 12022.53, subd. (b)) (count 6). The trial court, however, granted defendant a new trial. The trial court concluded defendant's trial counsel had a conflict of interest that was presumptively prejudicial. The prosecution appeals from that order. (§ 1238, subd. (a)(3).) We reverse the new trial order and remand for further consideration.

## II. PROCEEDINGS IN THE TRIAL COURT

Chad Calabria represented defendant at trial. Following the return of the verdict, defendant retained H. Russell Halpern. Mr. Halpern brought a non-statutory new trial motion. The trial court then learned for the first time that during the entirety of defendant's trial, Mr. Calabria was facing criminal prosecution. Mr. Calabria was facing prosecution in two cases brought by the same entity that was prosecuting defendant, the Los Angeles County District Attorney. The trial court found Mr. Calabria had an actual,

---

[1]    Further statutory references are to the Penal Code except where otherwise noted.

not merely potential, conflict of interest. The trial court further found this was a violation of defendant's federal and state constitutional right to conflict-free counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *Wood v. Georgia* (1981) 450 U.S. 261, 271; *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1234.) Moreover, the trial court presumed Mr. Calabria's conflict of interest affected his performance and resulted in prejudice. Hence, the trial court granted defendant a new trial.

## III.  DISCUSSION

### A.  Defendant Was Required to Show Prejudice

In presuming deficient performance and prejudice, the trial court relied on *Harris v. Superior Court* (2014) 225 Cal.App.4th 1129 (*Harris*). In *Harris,* Gustavo Diaz represented the defendant at the preliminary hearing. Mr. Diaz had a conflict of interest in two respects. First, Mr. Diaz had been arrested and was facing felony charges brought by the Los Angeles County District Attorney. This was the same entity that was prosecuting the defendant. Second, the same law enforcement officer had arrested both Mr. Diaz and the defendant. Further, the arresting officer was the sole prosecution witness at the defendant's preliminary hearing. And the arresting officer was a potential witness in proceedings against Mr. Diaz. Our colleagues in Division One of this appellate district held Mr. Diaz had an actual, not merely potential, conflict of interest. (*Id.* at pp. 1137-1144) Further, the court held no affirmative showing of prejudice was required to obtain a dismissal of the information. (*Id.* at pp. 1145-1148.)

Our Division One colleagues held the denial of a substantial right *at the preliminary hearing* renders the ensuing commitment illegal and entitles a defendant to *dismissal of the information.* (*People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 523 [defendant denied right to public preliminary examination]; *Reid v. Superior Court* (1982) 140 Cal.App.3d 624, 633-635 [defendant denied conflict-free counsel at preliminary hearing]; see *Stroud v. Superior Court* (2000) 23 Cal.4th 952, 963, fn. 4.)

3

*Harris* held: "When the issue is raised in the trial court before the defendant's conviction, a challenge to counsel's conflict of interest does not depend on a showing that conflict-free counsel would have obtained a better result. ([*People v.*] *Pompa-Ortiz, supra,* 27 Cal.3d at p. 529 [If the issue is raised before trial, prejudice is presumed]; *People v. Booker* (2011) 51 Cal.4th 141, 157 ['the need for a showing of prejudice depends on the stage of the proceedings at which a defendant raises the claim in a reviewing court']." (*Harris v. Superior Court, supra,* 225 Cal.App.4th at p. 1146.) No review petition was filed in *Harris*.

Here, *Harris* does not control the outcome of our case. First, in *Harris,* the conflict of interest came to light following a preliminary hearing, not after a full trial. Second, in *Harris*, the defendant brought a pre-trial motion to dismiss the information, not a motion for a new trial. And third, the motion to dismiss in *Harris* was governed by the rule, applicable in that pre-trial context, that no affirmative showing of prejudice was required. Here, however, the conflict of interest came to light only after a full trial. Moreover, as discussed below, a trial court cannot order a new trial absent a showing of actual prejudice to defendant.

Except in a concurrent representation case, there is no presumption of prejudice in the post-trial conflict of interest context. (See *People v. Gonzales* (2011) 52 Cal.4th 254, 309; *People v. Doolin* (2009) 45 Cal.4th 390, 420; *People v. Ramirez* (2006) 39 Cal.4th 398, 427-428.) There was no concurrent representation in this case. Here, the trial court was required to consider whether Mr. Calabria's conflict of interest affected his performance and whether it resulted in actual prejudice to defendant. (*Mickens v. Taylor* (2002) 535 U.S. 162, 166; *People v. Hung Thanh Mai* (2013) 57 Cal.4th 986, 1009-1010; *People v. Doolin, supra,* 45 Cal.4th at pp. 417-421.) As our Supreme Court recently explained: "The federal and state constitutional right to counsel in a criminal case also includes the right to representation free of conflicts of interest that may compromise the attorney's loyalty to the client and impair counsel's efforts on the client's behalf. (E.g., *Glasser v. United States* (1942) 315 U.S. 60, 69-70; *People v. Doolin*[, *supra,*] 45 Cal.4th [at p.] 417 . . .) For both state and federal purposes, a claim of conflicted representation

4

is one variety of claim that counsel provided ineffective assistance. Hence, *to obtain reversal of a criminal verdict,* the defendant must demonstrate that (1) counsel labored under an actual conflict of interest that adversely affected counsel's performance, and (2) absent counsel's deficiencies arising from the conflict, it is reasonably probable the result of the proceeding would have been different. (*Mickens v. Taylor*[, *supra,*] 535 U.S. [at p.] 166 . . . ; [*People v.*] *Doolin, supra,* [45 Cal.4th] at pp. 417-418, 421; see *Strickland v. Washington* (1984) 466 U.S. 668, 687.)" (*People v. Hung Thanh Mai, supra,* 57 Cal.4th at pp. 1009-1010, italics added.)

B.  The Prejudice Determination Must Be Made by the Trial Court in the First Instance

An order granting a new trial on the ground of ineffective assistance of counsel is subject to an abuse of discretion standard of review. (*People v. Callahan* (2004) 124 Cal.App.4th 198, 201, 209-212; *People v. Andrade* (2000) 79 Cal.App.4th 651, 659-662; cf. *People v. Ault* (2004) 33 Cal.4th 1250, 1255 [juror misconduct].) The abuse of discretion standard of review applies to the trial court's determinations of first, whether defense counsel's representation was deficient and second, whether the defendant was prejudiced. (*People v. Callahan, supra,* 124 Cal.App.4th at p. 201; 5 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Trial, § 268, p. 448.) Moreover, the requisite deficient performance and prejudice determinations must be made by the trial court in the first instance. Trial courts are in the best position to evaluate the questions of law and fact pertaining to counsel's performance and its effect on a defendant's case. (*People v. Ault, supra,* 33 Cal.4th at pp. 1267-1268; *People v. Fosselman* (1983) 33 Cal.3d 572, 582; *People v. Callahan, supra,* 124 Cal.App.4th at pp. 201, 209-211; *People v. Andrade, supra,* 79 Cal.App.4th at p. 660; 22B Cal.Jur.3d Criminal Law: Post-Trial Proceedings, § 612.) As our Supreme Court has observed: "[I]t is the trial court that has a 'first-person vantage' [citation] on the *effect* of trial errors or irregularities on the fairness of the proceedings in that court. . . . [¶] A trial court's finding of prejudice is based, to a significant extent, on "'first-hand observations made in open court,'" which that court

5

itself is best positioned to interpret.  [Citation.]" (*People v. Ault, supra,* 33 Cal.4th at p. 1267; *People v. Callahan, supra,* 124 Cal.App.4th at pp. 210-211.)  It is precisely because trial courts are uniquely qualified to determine whether a new trial should be granted that appellate courts apply a deferential standard of review.  (*People v. Ault, supra,* 33 Cal.4th at pp. 1260-1272; *People v. Callahan, supra,* 124 Cal.App.4th at p. 209.)

In the present case, the trial court found Mr. Calabria had an actual conflict of interest.  However, relying on *Harris,* the trial court presumed deficient performance and prejudice.  The trial court failed to make an independent determination of whether Mr. Calabria's representation was deficient and whether defendant was prejudiced.  We cannot review the trial court's ruling for an abuse of discretion when the required discretion has never been exercised.  (See *People v. Fosselman, supra,* 33 Cal.3d at p. 584 [remand to reconsider new trial denial where trial court erroneously concluded it lacked statutory authority to order a new trial on the asserted basis]; *Application of Friedman* (1956) 46 Cal.2d 810, 815-817 [appellate court will not act on bail application where trial court has not exercised its discretion]; *People v. McCoy* (1886) 71 Cal. 395, 398-399 [record failed to disclose grounds upon which new trial motion was heard and determined, therefore ruling could not be reviewed on appeal]; *Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1465 [remand for trial court to exercise its discretion on restraining order renewal request].)  The trial court is in the best position to assess the effect of any alleged deficient performance by Mr. Calabria.  (*People v. Ault, supra,* 33 Cal.4th at pp. 1267-1268; *People v. Fosselman, supra,* 33 Cal.3d at p. 582; *People v. Callahan, supra,* 124 Cal.App.4th at p. 201; *People v. Andrade, supra,* 79 Cal.App.4th at p. 660.)  Accordingly, the new trial order must be reversed.

## IV.  DISPOSITION

The new trial order is reversed.  Upon remittitur issuance, the trial court is to independently assess whether the conflict of interest resulted in actual prejudice to defendant.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


I concur:


KRIEGLER, J.


7

MOSK, J., Concurring


I concur.

Defendant has to show the prejudice required under *People v. Doolin* (2009) 45 Cal.4th 390, 421.  In addition, I presume the trial court will consider the effect of the alleged conflict in connection with the representation of the victims.



MOSK, J.